BANKS v. MIXON.    (No. 5508.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1915. Rehearing Denied Nov. 10, 1915.)

1. TRIAL ⬤═349 — REFUSAL TO SUBMIT ON SPECIAL ISSUES.

Where the court would have been justified in peremptorily instructing the jury to return a verdict for the plaintiff, there was no error in its action in refusing defendant's request to submit the case on special issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. ⬤═349.]

2. BILLS AND NOTES ⬤═537 — LIABILITY OF ACCOMMODATION SURETY.

Where, in an action on a note in evidence, defendant admitted its execution, but alleged that he was an accommodation surety, and that the plaintiff had a mortgage on personalty of the maker to secure the note's payment, neither party seeking to have the mortgage foreclosed, but both asserting it was beyond their reach, no affirmative relief being asked by the defendant by way of being subrogated to any of plaintiff's rights, peremptory instruction to return a verdict for plaintiff was proper.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. ⬤═537.]

3. APPEAL AND ERROR ⬤═499—BILL OF EXCEPTIONS—SUBMISSION ON SPECIAL ISSUES—TIME OF REQUEST.

A bill of exceptions to the refusal of the trial court to submit the case on special issues should show at what point in the trial the request was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ⬤═499.]

Appeal from Frio County Court; S. T. Dowe, Judge.

Action by George K. Mixon against G. Longorio and T. H. Banks. Judgment for plaintiff, against Banks, and the latter appeals. Affirmed.

Kercheville & Dewald, of Devine, for appellant. Magus Smith, of Pearsall, for appellee.

CARL, J. Appellee, Geo. K. Mixon, sued one G. Longorio and T. H. Banks on a joint and several promissory note for $243.90 principal, and for 10 per cent. interest per annum from September 1, 1913, and for 10 per cent. attorney's fees. The suit against Longorio was dismissed upon allegations that he was notoriously insolvent, and his residence unknown, he being a fugitive from justice, and judgment was prayed for as against T. H. Banks alone.

Banks admitted the execution of the note, but alleged that he was an accommodation surety, and that Mixon had a mortgage on certain personal property of Longorio to secure the payment of the note, but had negligently failed to reduce the same to possession, and had permitted said security to be lost and placed "where they cannot now be reduced to possession of the plaintiff, nor to the possession of said defendant T. H. Banks in case of his subrogation to the debt of his principal." The defendant Banks, in his pleadings, offered to pay the debt less the value of the mortgaged property. No affirmative relief is asked by Banks.

The judgment was for the full amount of the note, interest, and attorney's fees against Banks, and he has appealed.

[1–3] The first assignment of error complains of the action of the court in refusing to submit the case on special issues. There was no error in this respect, because the court would have been justified in peremptorily instructing the jury to return a verdict for the plaintiff. Neither party sought to have the mortgage foreclosed, but, on the contrary, both assert that it was beyond their reach. No affirmative relief is asked by Banks in the way of being subrogated to any of Mixon's rights, and the note was in evidence, the execution of which was admitted by him. And, by examining the transcript and bill of exceptions, it does not appear that the request to submit the case on special issues was made before the main charge was given to the jury. G., H. & S. A. Ry. Co. v. Cody, 92 Tex. 632, 51 S. W. 329. In the case cited Chief Justice Gaines says:

"A proper bill of exceptions would have shown at what point in the progress of the trial the request was made."

There is no necessity of commenting on the other assignments; for we have examined same, and believe them to be untenable. We have also examined the statement of facts, and find nothing therein, nor in the pleadings, which would make it necessary to even submit this cause to a jury.

Therefore all assignments are overruled, and the judgment is in all things affirmed.