John E. HAYES, Appellant,

v.

Mrs. Joe R. WHITE, Appellee.

No. 91.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 25, 1964.

Rehearing Denied Dec. 17, 1964.

W. G. Perkin, of Alamia, Perkin & Lemen, Pharr, for appellant.

Neal King, of Hill, King & McKeithan, Mission, for appellee.

NYE, Justice.

This is a suit for the balance due on a note, interest and attorney fees brought by the appellee Mrs. Joe R. White against the appellant John E. Hayes. The trial was held before the court without a jury upon stipulated facts.

A 1962 Cadillac automobile was purchased by Hayes from the Yoder Motor Company of McAllen, Texas. Hayes traded in a 1959 Cadillac owned by his then wife Loula M. Hayes. He executed a conditional sales contract, embodying the subject note for approximately $3200.00, secured by a lien against the Cadillac automobile. He then made a gift of the vehicle to Loula M. Hayes. In a subsequent divorce between appellant Hayes and his wife, the court awarded the Cadillac automobile to Loula M. Hayes as her separate property and required appellant Hayes to discharge the indebtedness and the lien against the vehicle. From the divorce judgment Hayes appealed to this Court which affirmed the judgment of the trial court. See Hayes v. Hayes, 378 S.W.2d 375 (Tex. Civ.App.1964).

The conditional sales contract was subsequently transferred from the Yoder Motor Company to General Motors Acceptance Corporation and prior to its due date the contract was sold and assigned, without recourse, to Mrs. Joe R. White, the appellee. The appellee released the lien against the vehicle and, after the note became due and was not paid, brought suit against Hayes for the balance due, interest and attorney fees. Judgment for this amount was entered by the trial court. Hayes, in perfecting his appeal, contends in two points that: (1) the trial court erred in failing to hold that the appellee was required to sell the collateral (the Cadillac automobile), apply the proceeds of such sale to the indebtedness, and pay the surplus over to the appellant; and (2) the trial court erred in failing to hold that the acts of the appellee in exercising control over the automobile constituted a conversion of the property.

It has heretofore been determined by final judgment that the appellant is responsible for the indebtedness occasioned by the purchase of the 1962 automobile. It has further been heretofore determined by final judgment that the automobile is the sole and separate property of the appellant's former wife, Loula M. Hayes. Hayes v. Hayes, supra. She has had title to and possession of the vehicle in question since the date of its purchase. Appellant's contention that upon his default, of his obligation, that he is entitled to have the property of another, in which he has no property right, sold, and the proceeds applied to his debt, and the surplus turned over to him, is untenable. Appellant has no right to relitigate the question of responsibility of the

indebtedness nor to require that upon his default of the obligation that the property of his former wife be sold in satisfaction of the indebtedness owed by him. Where a gift is made that is subject to a lien or has been pledged to secure an indebtedness of the donor, upon the discharge of the indebtedness and the release of the security by the mortgagee the donor would have no right to exercise control over it or to rescind the gift. Foley v. Allen, 5 Cir., 170 F.2d 434 (1948).

A conditional sales contract is in effect a chattel mortgage. Art. 5489, Vernon's Ann.Civ.St.; Minnehoma Financial Co. v. Johnson, 152 Tex. 386, 258 S.W.2d 78 (1953). The law in this State does not require a mortgagee to first sell the collateral and apply the proceeds to the indebtedness prior to bringing suit against the obligor in absence of a provision in the instrument requiring such procedure. There was no such provision in this contract. Maupin v. Chaney, 139 Tex. 426, 163 S.W. 2d 380 (1942); Weatherby v. Townes, 42 Tex. 83 (1875); Sinclair v. Weekes, 41 S. W. 107 (Tex.Civ.App.1897); Head v. Wollmann, 5 Cir., 272 F.2d 298 (1959); Harper v. First State Bank, 3 S.W.2d 552 (Tex. Civ.App.1928, wr. ref.); Banks v. Mixon, 179 S.W. 690 (Tex.Civ.App.1915); Loughney v. Texas City Nat. Bank, 252 S.W.2d 954 (Tex.Civ.App.1952); 9 Tex.Jur.2d 249, § 228.

Appellant's second point raises the question as to whether the appellee was guilty of a conversion in procuring a release of the collateral before the note was due. Appellant contends that the acts of the appellee constituted an unlawful conversion of the property by depriving the appellant of his interest therein. As heretofore stated, the appellant has no interest in the Cadillac automobile and, therefore, as to him, there can be no conversion. Appellant's points one and two are overruled.

Judgment of the trial court is affirmed.