ESTATE OF Russell Fred KUENSTLER, Deceased, Appellant,

v.

Cari TREVINO and NCNB Texas National Bank, Appellees.

No. 04-91-00409-CV.

Court of Appeals of Texas, San Antonio.

July 15, 1992.

---

**6.** In this case, consent to search rather than the voluntariness of a confession is the central issue.

John L. Ray, San Antonio, for appellant.

David Benavides, San Antonio, Harry A. DeFord, II, Dallas, Charles M. Jefferson, Smith, Barshop, Stoffer & Millsap, Inc., San Antonio, for appellees.

Before REEVES, C.J., and PEEPLES, and ESQUIVEL, JJ., not participating.[1]

## OPINION

REEVES, Chief Justice.

In this opinion we consider the validity of an alleged gift of personal property that is encumbered by a lien. Russell Fred Kuenstler purchased a Toyota, financing part of the purchase price with Alamo Toyota, Inc., which ultimately assigned the motor vehicle retail installment security agreement to NCNB Texas National Bank ("National"). Kuenstler executed the following:

... I Russell Kuenstler ... for and in consideration of the affection and friendship which I have for CARI LEAH TREVINO ... do hereby give, assign and transfer to the said CARI LEAH TREVINO ... all my right, title, and interest in and to the following described property owned by me, to wit: one Toyota pick up truck, (description) purchased from Alamo Toyota Company on May 9, 1990, and financed through the National Bank of Commerce of San Antonio.

The instrument was signed and acknowledged by Kuenstler and Trevino and filed in the deed records of Bexar County.[2]

Trevino took physical possession of the truck. The June 1990 payment was made by Kuenstler and the July and August payments were made by Trevino. On September 23, 1990 Kuenstler died, and in January 1991 the Bank repossessed the truck due to the failure to pay monthly installments pursuant to the agreement.

In March 1991, Trevino filed suit for declaratory judgment in the probate court against Kuenstler's estate[3] and National asserting ownership of the Toyota and that the estate had the obligation to pay National the balance owing on the agreement. National filed a claim and petitioned the court to order the executor to pay the balance then owing on the agreement. The Estate filed a motion for summary judgment which was denied. The controversy as presented to the trial judge was on the following agreed facts, which stated, in part:

1. At the time Kuenstler purchased the Toyota he also executed a motor vehicle retail installment agreement and a security agreement which encumbered the Toyota;

2. Kuenstler paid $5,000 down and took possession of the Toyota;

1. Justice Esquivel was appointed to hear this case, pursuant to TEX.GOV'T CODE ANN. § 74.-003 (Vernon 1988). Justice Esquivel died April 3, 1992.

2. Tex.Bus. & Com.Code Ann. § 24.013(1)(A) provides that a gift of personal property is void unless the deed is duly acknowledged or proved and recorded.

3. The declaratory judgment suit was filed in the probate court where Kuenstler's estate was pending and under the same cause number. Kuenstler died testate and an independent executor was appointed and qualified.

3. Kuenstler took delivery of the car and executed a "gift deed," and relinquished possession of the vehicle to Trevino who accepted it;

4. No other indices of ownership were executed by Kuenstler to Trevino;

5. The June 1990 payment was made by Kuenstler and Trevino made the July and August 1990 payments on the Toyota;

6. Kuenstler died in September 1990;

7. After the death of Kuenstler, Trevino told the executor of the estate of Kuenstler that she would continue the payments on the Toyota; and

8. During the month of January 1991 the bank repossessed the Toyota for failure to pay the installment payments according to the security agreement.

The trial court found that Kuenstler had given the Toyota to Trevino, and that the estate of Kuenstler owed the obligation to National. The court ordered the executrix to pay National the balance owing and transfer title to Trevino.

The Estate brings three points of error in which it is alleged the trial court erred in the following:

1. Overruling the Estate's motion for summary judgment;

2. Finding that Kuenstler gave the truck to Trevino, which she accepted and that Kuenstler owned all right, title and interest in the truck; and

3. Ordering the Estate to pay on the claim of NCNB, because the probate court had no standing or jurisdiction to do so.

The order denying summary judgment was interlocutory and not appealable. After the trial court overruled the motion, the cause was tried on the merits. The denial of the summary judgment is not subject to review in this appeal. *Triplett v. Shield,* 406 S.W.2d 941, 943 (Tex.Civ.App.1966, writ ref'd n.r.e.).

The stipulated statement of facts establishes that Kuenstler executed a written instrument wherein he intended to give a Toyota to Trevino, and that she took physical possession of it. To consummate a gift of personal property there must be an intent to give, delivery of the property, and acceptance. *Kiel v. Brinkman,* 668 S.W.2d 926, 929 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Rector v. Continental Bank & Trust,* 180 S.W. 309, 311 (Tex. Civ.App.—Amarillo 1915, no writ).

The Estate acknowledges that whatever right or title Kuenstler had in the Toyota passed to Trevino by way of the deed of gift, but maintains that the transfer of title was incomplete because it was subject to National's prior rights. Therefore, the delivery was incomplete. *See Ford v. Harlow,* 439 S.W.2d 682, 685–86 (Tex.Civ. App.—Fort Worth 1969, writ ref'd n.r.e.).

In *Ford* the defendant (donor), by assignment, gave to plaintiff (donee) a note wherein he was payee. The note was pledged as collateral for another note executed by donor payable to a bank. The maker of the note made several payments to donor. The donor pocketed some of the proceeds and applied the rest to his note with the bank. Donor eventually transferred the pledged note to a third party to satisfy the note wherein he was the obligor. The court found that donor's delivery of the note to donee was limited to that portion actually paid and the unpaid balance was incapable of delivery and ineffective. Consequently, the attempted gift of the remainder failed. The court limited donee's recovery to the payments paid to defendant on the pledged note prior to its transfer.[4]

A donor may make a gift of encumbered property in which the donee agrees to discharge the indebtedness. *See, e.g., Taylor v. Sanford,* 108 Tex. 340, 193 S.W. 661, 662 (1917); *Kiel v. Brinkman,* 668 S.W.2d 926, 929 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Van v. Webb,* 237 S.W.2d 827, 832 (Tex.Civ.App.—Amaril-

---

4. This theory of recovery has not been presented to this court and therefore cannot be considered. TEX.R.APP.P. 52(a).

lo 1951, writ ref'd n.r.e.). The donor may also give away property and agree to pay off the indebtedness, but he is not bound to pay off the indebtedness unless there is evidence that he intended to pay it. Here, according to the written instrument of gift, Kuenstler gave Trevino only his "right, title and interest" in the Toyota. There is no suggestion in the record that he intended to give her more than his interest in the car, on which he owed considerable money to the bank.

Trevino cites *Hayes v. White*, 384 S.W.2d 895 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.) wherein the court held that a gift subject to a lien or one which has been pledged to secure an indebtedness of the donor, upon discharge of the indebtedness and the release of the security by the mortgagee, has no right to exercise control over it or rescind the gift. *Id.* at 897. Hayes purchased an automobile, satisfying part of the purchase price by trade of another vehicle, and executing a note for the payment of the remainder. He secured the payment of the note by executing a conditional sales contract. He then gave the automobile to his wife. The couple subsequently divorced, and the wife was awarded the automobile as her separate property, and Hayes, the husband, ordered to pay the balance owing on the note. After the divorce decree became final, the holder of the note released the lien, and upon the failure of Hayes to pay the note the holder of the note brought suit for the balance then owing. *Id.* at 896. *Hayes* is distinguishable because a final judgment ordered payment of the note.

In the instant case, there is no evidence that Kuenstler agreed to make the remaining payments on the contract. To the contrary, Kuenstler made only the first payment on the note and the next two were made by Trevino. At Kuenstler's funeral, Trevino told the executrix of the estate that she would continue to make the payments.

The trial court found that Kuenstler owned all right and title to the Toyota at the time he executed the deed of gift. This is not correct; the impediment of the con-

tract establishing the lien inhibited his ability to transfer title. *Ford,* at 686. The purported gift of the Toyota must fail. Trevino's recourse, if any, would be damages for Kuenstler's failure to fulfill an unfilled executory obligation, which is actually the recourse sought in her pleadings, but not pursued on appeal.

The Estate's last point of error maintains the trial court lacked jurisdiction to order appellant to pay the debt owed to National, because the legal representative is serving in that capacity as an independent executrix, without bond. TEX.PROB.CODE ANN. § 145(h) is cited as authority for this assertion, which provides that after the filing of an inventory and the taking of the oath by the representative, no further action will be taken by the court unless specifically provided for in some other section of the code.

■ This section of the code does not deny the probate court's jurisdiction over a contested claim against an estate served by an independent executor. The jurisdictional authority of the probate court is found in TEX.PROB.CODE ANN. § 5 and 5A. Section 5(e) of the Code, which provides probate courts with authority to hear all matters "incident to an estate." This phrase is defined in section 5A(b):

> in proceedings in the statutory probate courts ... the phrase 'appertaining to estates' and 'incident to an estate' in this code include ... all actions for trial of the right of property ...

The claims of the parties involve property rights. Section 5A(b) provides, in part:

> ... All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of the Code, hear all suits, actions and application filed against or on behalf of any ... decedents estate, including estate administered by an independent executor. This subsection shall be construed in conjunction and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed as to increase permissible judicial control over independent executors.

The probate court has subject matter jurisdiction over independent executors. *See Pullen v. Swanson,* 667 S.W.2d 359, 363 (Tex.App.—Houston [14th Dist.] 1984 writ ref'd n.r.e.). This point of error is overruled.

The judgment of the trial court awarding Trevino title to the Toyota and attorney fees is reversed and judgment is rendered that Trevino take nothing. The judgment awarding National the payment of its claim is affirmed.