The **ESTATE OF Bertha H. LEE, Deceased.**

No. 07–97–0170–CV.

Court of Appeals of Texas, Amarillo.

July 14, 1998.

Joe W. Hayes, Templeton, Smithee, Hayes & Fields, Amarillo, for appellant.

Ronald D. Nickum, Amarillo, for appellee.

Before QUINN and REAVIS, JJ., and REYNOLDS,* Senior Justice.

CHARLES L. REYNOLDS, Senior Justice.

This appeal requires us to determine whether the probate court had jurisdiction of the action by the independent executor and, if so, whether the evidence sufficiently supports the findings of fact upon which the judgment is based. Answering yes to both issues, we will affirm.

The issues arose from a record which reveals that on 19 October 1993, Bertha H. Lee died testate, survived by her three grandchildren Brenda Karyl Lee (now Brenda Karyl Wilson), Barbara Karen Lee, and William L. Lee, III, to whom Mrs. Lee devised and

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

bequeathed her estate in equal shares. The will provided for an independent administration, and by a codicil, Mrs. Lee appointed Brenda and Barbara co-executors of the will.

The three heirs, as they were permitted to do, *Shepherd v. Ledford*, 962 S.W.2d 28, 32 (Tex.1998), entered into a settlement agreement as an alternative method of administration of Mrs. Lee's estate. They agreed that the will would not be offered for probate; that Brenda, who had lived with Mrs. Lee for several years prior to her death, would remain in the deceased's house, gather the deceased's personal property, pay the estate debts, and rent the house; and that they would put their money into an account from which Brenda would pay the estate debts and repair the house, the rent from which was to be deposited in an estate account.

Notwithstanding the agreement, on 10 August 1994, Barbara applied to the County Court of Randall County for probate of the will and issuance of letters testamentary, alleging that Brenda was not suitable to serve as an executrix. The court, at Barbara's request, ordered Brenda to produce the will and codicil and other papers pertaining to the estate. And it appearing to the court that the cause would be contested, the court ordered the cause transferred to the County Court at Law of Randall County.

In September of 1994, the County Court at Law, noting that the three heirs were present, heard Barbara's application, to which there was no contest. The court admitted Mrs. Lee's will and codicil to probate and found that Barbara was qualified to serve as executrix, but that Brenda was not suitable to serve.

Afterwards, in January of 1995, Barbara, proceeding individually and as independent executrix, petitioned the court for a declaratory judgment and, alternatively, for judgment pursuant to common and statutory law, as the last step in finalizing the affairs of the estate. Alleging, as material to the appeal, that Brenda had refused to account for or deliver the estate property, and had wasted, disposed of, or converted estate property, Barbara sought an accounting from Brenda, and a declaration of the liabilities of the heirs to each other. Being cited, Brenda and Wil-

liam each filed a general denial, and William filed a cross-action against Brenda, adopting and incorporating Barbara's allegations.

Engaging in discovery, Barbara made a request to Brenda on 6 February 1995 for production of all estate and designated related documents in her possession and for admissions of enumerated matters. When Brenda did not timely respond, Barbara moved the court on 22 March 1995 to impose sanctions authorized by rule 215, Texas Rules of Civil Procedure.

When the hearing of the cause began on 27 March 1995, Brenda had not responded to the discovery requests; instead, she filed her answers to the requests for admissions in open court on 28 March 1995. The court first heard Barbara's rule 215 motion and found that Brenda was guilty of discovery abuse and failure to obey the court's order to deliver estate property and papers to Barbara, and that she had failed to timely answer the requests for admissions. Resultantly, the court ordered established, from the requests for admissions, the fact that Brenda had in her possession estate property having a value of $36,098.68.

Hearing evidence, the court found that Barbara had exhausted all non-judicial remedies prior to filing her action, which was for the purpose of rendering an accounting and who might be entitled to a distribution of the estate property. Then, considering its approval of an exhibit filed in the cause as the inventory and appraisement of the property and claims of the estate, and its calculation of loans by the heirs to the estate and to each other, the court decreed their respective entitlement to the distributions from the estate. As decreed, each entitlement was: Brenda, $8,525.99; Barbara, $103,000.00; and William, $101,900.00. A correction judgment was signed on 13 June 1995, which was to become final upon the filing of the final account of the independent executor and closing report. The final account and report was filed on 13 May 1997.

Challenging the judgment, Brenda appealed, presenting five points of error. The first three embrace her contention that the trial court did not have subject matter jurisdiction

to grant the relief stated in the judgment. The last two challenge the sufficiency of the evidence to support the trial court's decree of distributions from the estate, and its finding that Brenda had in her possession estate property of the value of $36,098.68.

 Brenda's jurisdictional challenge is predicated upon section 145(h), Texas Probate Code Annotated (Vernon 1980), which provides:

When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court.

The statute implemented the state's policy of permitting an independent executor, free of judicial supervision, to effect the distribution of an estate with a minimum of cost and delay. Burke v. Satterfield, 525 S.W.2d 950, 955 (Tex.1975). Thus, except where there is some specific and explicit provision for some action in the probate court, even an independent executor could not invoke the jurisdiction of the probate court in matters pertaining to the estate. Bryan v. Bryan, 477 S.W.2d 705, 708 (Tex.Civ.App.—Amarillo 1972, no writ); Marshall v. E.R. Hobert Estate, 315 S.W.2d 604, 606–07 (Tex.Civ.App.—Eastland 1958, writ ref'd). And the jurisdiction of all claims against the estate, and other causes of action not regulated by special statute, was in the district court, not the probate court. Rowland v. Moore, 141 Tex. 469, 174 S.W.2d 248, 250 (1943).

 However, the Legislature subsequently added section 5A(b) to the Probate Code which, as pertinent here, provides:

In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include ... generally all matters relating to the settlement, partition, and distribution of estates of deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor; all such suits, actions, and applications are appertaining to and incident to an estate for the purposes of this section. This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible judicial control over independent executors. All statutory probate courts shall have the same powers over independent executors that are exercisable by the district courts. In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

Tex. Probate Code Ann. § 5A(b) (Vernon Supp.1998). By the statute, the Legislature intended to expand probate jurisdiction to matters in which the controlling issue was the settlement, partition, or distribution of an estate. Seay v. Hall, 677 S.W.2d 19, 22 (Tex.1984). And, in this regard, the statutory probate court jurisdiction over independent executors was made identical to that exercised by the district court, Ben Z. Grant & Robert Whitehill, *The Revision of the Texas Probate Code*, 43 Tex. B.J. 892, 893–94 (1980), and was given preference over the district court.

 The probate court's judgment rendered in this cause cannot be considered an interference with the administration by the independent executrix since she, having exhausted all non-judicial efforts to secure the information to account for the property of the estate, filed her action in the probate court to secure an accounting of estate properties and a declaration of the liabilities of the heirs to each other in order that she could finalize the estate affairs. Guy v. Crill, 654 S.W.2d 813, 818 (Tex.App.—Dallas 1983, no writ). At the time of her action, Barbara

was unable to file an inventory and appraisement, the filing and approval of which were necessary for section 145(h), *supra*, to become operative. Then, because the action was to collect estate property for distribution, it pertained to the settlement and distribution of the estate, and the probate court was vested with jurisdiction over it. English v. Cobb, 593 S.W.2d 674, 676 (Tex.1979); Guy v. Crill, 654 S.W.2d at 818. Brenda's first three points of error are overruled.

As requested, the probate court made and filed findings of fact in support of its judgment. Factual finding 9 is, in essence, that Brenda did not timely file an answer to Barbara's request for admission of the fact that at the time of the request, Brenda had in her possession estate property having a value of $36,098.68. This was the admission the court deemed admitted. Factual finding 18 was the court's determination of the amount of distribution each heir was entitled to receive from the estate, *i.e.*, Brenda, $8,525.99; Barbara, $103,000.00; and William, $101,900.00.

■ With her fourth and fifth points of error, Brenda respectively challenges both the legal and factual sufficiency of the evidence to support each finding. Although these findings are the subject of Brenda's points, the bulk of her argument is an attack upon the evidential support for the court's 11th factual finding, which reads as follows:

> During the trial, Barbara Karen Lee introduced a complete recapitulation of the condition of the Estate of Bertha H. Lee. The plaintiff's exhibits and her testimony prove the debts owed by and to the estate, the debts owed to the estate by the parties to this case, the debts owed by each party to the other in relation to the estate and their dealings with each other and the estate, and the distributable assets on hand, including (a) assets of the estate; (b) party in possession of those assets; and (c) net assets of the estate.

After alleging that Barbara's opinions of the matters set forth in the finding are without a predicate and amount to no more than surmise or conjecture, Brenda ventures that Barbara will contend the finding is supported by the fact the probate court deemed admitted the request for admission that Brenda possessed estate property valued at $36,098.68. However, Brenda submits, on the authority of Marshall v. Vise, 767 S.W.2d 699, 700 (Tex.1989), that Barbara has no right to rely on the deemed admission because she allowed Brenda to testify without objection that she did not have the property allocated to her.

The testimony to which Brenda refers for the waiver of the admission was adduced during her counsel's direct examination. After she said she understood the court had already ruled that the property accorded her was $36,098, she was asked and answered as follows:

> Q. And you understand that the values that your sister has given on this property is where that $36,000 comes from?
>
> A. I understand that. I don't have that property.

Not long afterwards when Brenda explained that a gun and a flight jacket were given to her and were not part of the estate, and she was asked whether they were listed on Barbara's exhibits, the following is recorded:

> [Barbara's counsel]: Your Honor, to the extent that they're trying to reduce the deemed admission of $36,098, we object.
>
> [Brenda's counsel]: Your Honor, we're not . . .
>
> [Barbara's counsel]: If this is for some other purpose, then we don't object.
>
> THE COURT: All right. It would not be permitted to reduce that amount since that's already been deemed admitted in this case.
>
> [Brenda's counsel]: I believe that's the testimony elicited earlier.

The excerpts, taken in context, clearly leave two impressions. First, neither counsel nor the court took Brenda's added and nonresponsive statement that "I don't have that property" as an explicit denial that she did not have estate property valued at 36 plus thousand dollars at the time the request for admission was made. Second, Brenda's trial counsel disavowed any intent to circumvent the court's deemed admission ruling, thereby assuring that the deemed admission was not being challenged.

■ Given this state of the record, Barbara cannot be held to have waived the admission the court deemed admitted. Once deemed admitted, the fact was established as a matter of law, and it is not subject to challenge for evidential insufficiency.

■ With respect to the court's 18th factual finding of each heir's entitlement to distribution from the estate, Brenda has made a detailed examination of Barbara's testimony and exhibits to argue that no predicate was established for them; but, if so, then she argues that most, if not all, of Barbara's opinions are without basis and amount to no more than surmise or conjecture.

During the trial, no objection was made to Barbara's testimony or exhibits because of the lack of a proper predicate; and, obviously, as illustrated by its 11th factual finding, the probate court found a proper basis for the evidence and its admission. In doing so, the court judged the credibility of Barbara and each of the other witnesses, assigned the weight to be given the evidence, and resolved the conflicts and inconsistencies in the testimony of the witnesses, being privileged to believe one witness and to disbelieve another. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex.1986). Consistent therewith, the court announced its determination of the entitlements to distribution immediately upon conclusion of the trial.

We have reviewed all of the testimony and exhibits in the evidential record with an awareness of Brenda's objections to their validity. Although some of Barbara's testimony was grounded on her contacts with third parties and her perception of Brenda's commingling and conversion of estate property, we cannot fault the court for accepting that Barbara produced the best evidence available to afford a reasonable basis for calculating each heir's entitlement to distribution from the estate. *See, e. g.,* Vance v. My Apartment Steak House, Etc., 677 S.W.2d 480, 484 (Tex.1984). This appertains since the summaries she prepared were in the most part founded on actual invoices, checks, and other documents produced in court. And, after Barbara was extensively cross-examined in relation to her summaries, the summaries were admitted into evidence without objection.

Our review of all of the evidence reveals more than a scintilla of evidence to support the court's finding of fact 18 and, consequently, Brenda's contention that no legal evidence supports the finding must fail. Texarkana Memorial Hosp., Inc. v. Murdock, 946 S.W.2d 836, 838 (Tex.1997). And, after weighing all of the evidence in the record, we cannot sustain Brenda's factually insufficient evidence contention because the finding is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.1996). Brenda's fourth and fifth points of error are overruled.

The judgment is affirmed.