

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00368-CV

**IN THE ESTATE OF** Alvilda Mae **AGUILAR**

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2012-PC-2802
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 19, 2014

AFFIRMED

Anthony C. Aguilar and Michael A. Aguilar appeal the probate court's order approving a claim filed by Margaret Morales.  Morales sought reimbursement of the attorney's fees she incurred in defending against the Aguilars' lawsuit alleging that she breached the fiduciary duty she owed to Alvilda Mae Aguilar under the terms of a durable power of attorney.  Because Morales was also the independent executrix of Alvilda's estate, Morales sought approval of her claim for reimbursement from the probate court.  The Aguilars challenge the probate court's order, contending: (1) the probate court was without jurisdiction to enter the order; (2) Michael did not receive notice of Morales's application; and (3) they were deprived of their right to a jury trial. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the probate court's order in this memorandum opinion.

## PROBATE COURT'S JURISDICTION

The Aguilars contend the probate court did not have jurisdiction to approve Morales's claim because the probate proceeding was an independent administration. The Aguilars cite section 145(h) of the Texas Probate Code (recodified as section 402.001 of the Texas Estates Code), which states that after an independent executrix is appointed and the inventory has been approved "further action of any nature may not be had in the probate court except where this title specifically and explicitly provides for some action in the court." TEX. ESTATES CODE. ANN. § 402.001 (West 2014).

This court previously rejected this argument in *Estate of Kuenstler v. Trevino*, 836 S.W.2d 715 (Tex. App.—San Antonio 1992, no pet.). In that case, Russell Kuenstler purchased a pick-up truck which was financed by a bank. *Id*. at 716. Kuenstler executed a document giving the truck to Cari Trevino, and the document was acknowledged and filed in the deed records. *Id*. A few months later, Kuenstler died, and the bank repossessed the truck because the payments were not made. *Id*. Trevino filed a declaratory judgment action in the probate court where Kuenstler's estate was pending, asserting she owned the truck and the estate had the obligation to pay the balance owed on the loan to the bank. *Id*. at 716 & n.3. The bank also filed a claim and sought an order directing the independent executrix to pay the balance owed on the loan. *Id*. Although the probate proceeding was an independent administration, the probate court ordered the independent executrix to pay the balance owing on the loan. *Id*. at 717.

On appeal, Kuenstler's estate asserted that the probate court lacked jurisdiction to enter the order, citing section 145(h) and arguing that the legal representative was an independent executrix. *Id*. at 718. This court rejected the argument, asserting, "This section of the code does not deny the probate court's jurisdiction over a contested claim against an estate served by an independent executor." *Id*. Noting a probate court retains general jurisdiction to hear matters incident to an

estate, this court held "[t]he probate court has subject matter jurisdiction over independent executors." *Id*. at 719; *see also Columbia Rio Grande Regional Hosp. v. Stover*, 17 S.W.3d 387, 393 (Tex. App.—Corpus Christi 2000, no pet.) (concluding section 145(h) does not deprive a probate court of jurisdiction over an independent administration); *In re Estate of Lee*, 981 S.W.2d 288, 291-92 (Tex. App.—Amarillo 1998, pet. denied) (rejecting jurisdictional challenge based on section 145(h) and holding probate court had jurisdiction to consider claim filed by independent executrix). Thus, the probate court had jurisdiction to enter the order approving Morales's claim.

## RIGHT TO REIMBURSEMENT

The Aguilars next contend that the probate court erred in ordering reimbursement of the claim because: (1) the power of attorney was not introduced into evidence at the hearing; and (2) the power of attorney terminated upon Alvilda's death. With regard to the evidence introduced at the hearing, Morales's attorney stated that Alvilda had two powers of attorney naming Morales as her designated agent, and no objection was made to this statement. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding unsworn factual statements made by attorney constitute evidence where opponent of testimony fails to object to attorney not being under oath). Furthermore, Anthony acknowledged the existence of the power of attorney during the hearing, arguing Alvilda was never incompetent so the power of attorney never "came into effect" because it "said that it only became — it only came into effect when she was found to be incompetent." Accordingly, the probate court had sufficient evidence before it to find that Morales had been appointed as Alvilda's designated agent under a power of attorney.

Because the power of attorney never took effect and terminated upon Alvilda's death, the Aguilars contend Morales is not entitled to reimbursement under section 491(10) of the Texas Probate Code (recodified as section 752.101(1) of the Texas Estates Code) because that section only authorizes the reimbursement of "expenditures made in exercising the powers granted by the

- 3 -

durable power of attorney." TEX. ESTATES CODE ANN. § 752.101(10) (West 2014). Since Morales did not exercise any power granted by the power of attorney, the Aguilars assert that reimbursement under this section is not permissible. Even if we assume, however, that Morales was not entitled to reimbursement under section 491(10), the Aguilars sued Morales for breach of her fiduciary duty arising under the power of attorney. Therefore, the Aguilars' claims against which Morales was required to defend were based on actions she allegedly took as Alvilda's agent. Under general principal/agent law, "a principal is bound to indemnify his agent for loss resulting proximately from the good faith execution of the agency." *Oats v. Dublin Nat'l Bank*, 90 S.W.2d 824, 829 (Tex. 1936); *see also Godwin v. Jessell ex rel. Certain Underwriters at Lloyd's, London*, No. 05-99-01824-CV, 2001 WL 111558, at *2 (Tex. App.—Dallas Feb. 9, 2001, no pet.) ("It is an established rule of law that an agent is entitled to reimbursement from his principal for the amount of expenditures or losses resulting proximately or necessarily from the good faith execution of the principal's contract. Further, an agent who, in the performance of his duties for his principal, incurs liability for an act not morally wrong, may have indemnity from his principal.") (not designated for publication); *Modine Mfg. Co. v. North East Ind. Sch. Dist.*, 503 S.W.2d 833, 845 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.) ("The rule is clear that an agent who, in the performance of his duties for his principal, incurs liability for an act not morally wrong, may have indemnity from the principal. This right of indemnity includes reasonable counsel fees incurred."); *First Nat'l Bank v. H. Hentz & Co.*, 498 S.W.2d 478, 482 (Tex. Civ. App.—Waco 1973, no writ) ("agent is entitled to reimbursement from his principal for the amount of expenditures or losses resulting proximately or necessarily from the good faith execution of the principal's contract"). Accordingly, the trial court did not err in ordering that Morales be reimbursed for the attorney's fees she incurred in defending against the Aguilars' claims.

## NOTICE TO MICHAEL

The Aguilars further contend that Morales failed to serve Michael with a copy of the application for reimbursement, thereby violating his due process rights. This contention ignores, however, that Anthony was Michael's attorney when the application was filed. Because Anthony was Michael's attorney, service on Anthony was service on and notice to Michael. *See* TEX. R. CIV. P. 8.

## JURY DEMAND

In their final issue, the Aguilars contend the trial court erred by ignoring their jury demand. Because the jury demand was filed less than thirty days before the hearing on Morales's application, however, it was untimely. TEX. R. CIV. P. 216(a) ("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance."). Moreover, the Aguilars waived their complaint with regard to their jury demand by failing to object when the probate court proceeded in the absence of a jury. *Puntarelli v. Peterson*, 405 S.W.3d 131, 134 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.).

## CONCLUSION

The probate court's order is affirmed.

Catherine Stone, Chief Justice