

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00367-CV

**IN THE ESTATE OF** Ramiro **AGUILAR** Jr.

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2012-PC-2800
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed:  May 28, 2014

AFFIRMED

Anthony C. Aguilar and Michael A. Aguilar appeal the probate court's order approving a claim filed by their sister Margaret Morales against their father's estate. Their father, Ramiro Aguilar Jr., and their mother, Alvida Mae Aguilar, passed away within a month of each other. Morales was appointed independent executrix of both of her parents' estates. Anthony Aguilar then sued Morales in El Paso County for breach of fiduciary duty, claiming that before their parents' respective deaths, Morales acting under powers of attorney had mismanaged their parents' real property and misappropriated their parents' personal property. In defending this lawsuit brought by her brother, Morales incurred attorney's fees. In both this probate cause relating to her father's estate and the probate cause relating to her mother's estate, Morales sought reimbursement of the attorney's fees she had incurred in defending against the lawsuit. Because Morales was the

independent executrix of both estates, she sought approval of her claim for reimbursement from the probate court. After the probate court signed an order approving reimbursement in both estates, the Aguilars appealed to this court. With respect to the appeal relating to their mother's estate, we affirmed the probate court's order in Appeal No. 04-13-00368-CV. *See Estate of Aguilar*, No. 04-13-00368-CV, 2014 WL 631285 (Tex. App.—San Antonio Feb. 19, 2014, pet. filed). With respect to this appeal relating to their father's estate, the Aguilars bring the same issues they brought unsuccessfully in Appeal No. 04-13-00368-CV. For the same reasons we enunciated in Appeal No. 04-13-00368-CV, we affirm the probate court's order.

## DISCUSSION

The Aguilars complain on appeal that (1) the probate court was without jurisdiction to sign its order approving Morales's claim; (2) Michael Aguilar did not receive notice of Morales's application; and (3) the Aguilars were deprived of their right to a jury trial.

The Aguilars first argue the probate court did not have jurisdiction to approve Morales's claim because the probate proceeding was an independent administration. They rely on section 145(h) of the Texas Probate Code (which has now been recodified as section 402.001 of the Texas Estates Code). This section provides that once an independent executrix is appointed and the inventory has been approved, "further action of any nature may not be had in the probate court except where this title specifically and explicitly provides for some action in the court." TEX. EST. CODE ANN. 402.001 (West 2014).

As we stated in the appeal relating to their mother's estate, the Aguilars' argument has been previously rejected by this court. *See Estate of Aguilar*, 2014 WL 631285, at *1. In *Estate of Kuenstler v. Trevino*, 836 S.W.2d 715, 718 (Tex. App.—San Antonio 1992, no writ), this court explained that section 145(h) "does not deny the probate court's jurisdiction over a contested claim against an estate served by an independent executor." Because a probate court retains general

jurisdiction to hear matters incident to an estate, this court held that "[t]he probate court has subject matter jurisdiction over independent executors." *Id.* at 719. We therefore hold that the probate court had jurisdiction to sign the order approving Morales's claim. *See Estate of Aguilar*, 2014 WL 631285, at \*1; *Estate of Kuenstler*, 836 S.W.2d at 719; *see also Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 393 (Tex. App.—Corpus Christi 2000, no pet.) (explaining that "[w]hile the general purpose of section 145 is to free the independent executor from the control of the court . . ., it is equally clear that courts have determined the legislature did not intend for the independent administrator to be completely free from judicial supervision"); *Estate of Lee*, 981 S.W.2d 288, 291-92 (Tex. App.—Amarillo 1998, pet. denied) (rejecting jurisdictional challenge based on section 145(h) and holding probate court had jurisdiction to consider claim by independent executrix).

The Aguilars next argue that the probate court erred in ordering reimbursement of the claim because (1) the power of attorney was not introduced into evidence at the hearing; and (2) Morales did not show that the power of attorney had become effective before Ramiro Aguilar Jr.'s death; and (3) the power of attorney terminated upon Ramiro's death. First, with regard to evidence of the power of attorney, Morales's attorney stated at the hearing that Ramiro Aguilar Jr. had a power of attorney, dated May 10, 2001, naming Morales as his designated agent. No objection was made to this statement. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding unsworn factual statements made by attorney constitute evidence where opponent of testimony fails to object to attorney not being under oath). In fact, Anthony Aguilar acknowledged the existence of the power of the attorney at the hearing. Thus, as in the appeal relating to their mother's estate, we hold the probate court had sufficient evidence before it to find that Morales had been appointed as Ramiro Aguilar Jr.'s designated agent under a power of attorney. *See Estate of Aguilar*, 2014 WL 631285, at \*2.

Second, the Aguilars contend because it was not shown the power of attorney ever took effect and because it terminated upon Ramiro's death, Morales is not entitled to reimbursement under section 491(10) of the Texas Probate Code (now recodified as section 752.101(1) of the Texas Estates Code). This section of the Probate Code authorizes only the reimbursement of expenditures "made in exercising the powers granted by the durable power of attorney." TEX. EST. CODE ANN. § 752.101(10) (West 2014). Because it was not shown Morales exercised any power granted by the power of attorney, the Aguilars assert that reimbursement under this section is not permissible. However, as we explained in the appeal relating to their mother's estate, even if we were to assume that Morales was not entitled to reimbursement under this section of the Probate Code, the Aguilars sued Morales for breach of fiduciary duty arising under the power of attorney. *Estate of Aguilar*, 2014 WL 631285, at *2. Their claims against which Morales was required to defend were based on actions she allegedly took as Ramiro's agent. *Id.* As we explained in the appeal relating to their mother's estate, "[u]nder general principal/agent law, 'a principal is bound to indemnify his agent for loss resulting proximately from the good faith execution of the agency.'" *Id.* (quoting *Oats v. Dublin Nat'l Bank*, 127 Tex. 2, 90 S.W.2d 824, 829 (1936)). And, "[t]he rule is clear that an agent who, in the performance of [her] duties for [her] principal, incurs liability for an act not morally wrong, may have indemnity from the principal." *Modine Mfg. Co. v. N.E. Ind. Sch. Dist.*, 503 S.W.2d 833, 845 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e). "This right of indemnity includes reasonable counsel fees incurred." *Id.*; *see First Nat'l Bank v. H. Hentz & Co.*, 498 S.W.2d 478, 482 (Tex. Civ. App.—Waco 1973, no writ). Accordingly, the probate court did not err in ordering Morales be reimbursed for the attorney's fees she incurred in defending against the Aguilars' claims. *See Estate of Aguilar*, 2014 WL 631285, at *2.

The Aguilars next argue that Morales failed to serve Michael Aguilar with a copy of the application for reimbursement and thereby violated his due process rights. However, as we noted

in the appeal with respect to their mother's estate, at the time the application was filed, Michael Aguilar was represented by his brother Anthony Aguilar. *See Estate of Aguilar*, 2014 WL 631285, at \*3. Because Anthony was Michael's attorney, service on Anthony was service on and notice to Michael. *See* TEX. R. CIV. P. 8.

Finally, the Aguilars contend the probate court erred by ignoring their jury demand. However, because the jury demand was filed less than thirty days before the hearing on Morales's application, it was untimely. *See* TEX. R. CIV. P. 216(a). And, the Aguilars waived any complaint by failing to object when the probate court proceeded in the absence of a jury. *Puntarelli v. Peterson*, 405 S.W.3d 131, 134 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

## CONCLUSION

For the reasons stated above, we affirm the probate court's order.

Karen Angelini, Justice