ACCEPTED
04-18-00008-CV
FOURTH COURT OF APPEALS
1/22/2018 10:29 AM

No. 04-18-00008-CV

Court of Appeals, Fourth District
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

1/22/2018 10:29:59 AM

KEITH E. HOTTLE
CLERK

*In re* Maria Cecilia Martinez

Relating to Cause No. PR-06-004
in the County Court at Law
Starr County, Texas

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

**J. Joseph Vale**
jvale@atlashall.com
State Bar No. 24084003
**O.C. Hamilton, Jr.**
och@atlashall.com
State Bar No. 08847000
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

Attorneys for Real Parties in Interest
Maria Iris Trevino and Maria Del Rosario G. Pope

January 22, 2018

# Table of Contents

Index of Authorities ............................................................................................4

Statement of the Case.........................................................................................7

Issues Presented ................................................................................................8

Cross-Issue Presented .......................................................................................8

Record and Party References..............................................................................9

Statement of Facts............................................................................................10

    1.     The six independent co-executors entered an agreement that required majority agreement as to some decisions. ............................10

    2.     Administration languished without distribution for over a decade. ...............................................................................................12

    3.     The co-executors reached a unanimous agreement in open court in November 2016 to take steps to distribute the estate.....................12

    4.     The trial court entered an order in January 2017 expressly based on that agreement, and a majority of the executors approved the order....................................................................................................14

    5.     The trial court denied Co-Executrix Maria Cecilia Martinez's plea to the jurisdiction in May 2017 and planned to hear other motions. ...............................................................................................15

    6.     This Court dismissed Martinez's first attempt at mandamus for want of jurisdiction, and the trial court then amended the May 2017 Order.........................................................................................15

    7.     What remains to be done in the probate administration from Trevino and Pope's perspective. ..........................................................16

Summary of the Argument...............................................................................17

Mandamus Standard........................................................................................18

Argument.........................................................................................................19

    I.     Martinez is not entitled to mandamus as to the January 2017 Order. {Response to Martinez's §§ [A], [C]}...................................19

A.    Martinez failed to strictly comply with Rule 52. ......................19

B.    The trial court had the discretion to enforce the co-executors' unanimous (and later, majority approved) agreement. ...................................................................................20

C.    Martinez has an adequate appellate remedy. ...........................26

D.    Laches bars Martinez's petition as to this order. ......................27

II.    Martinez is not entitled to mandamus as to the May 2017 Order. {Response to Martinez's §§ [B], [C]} ...............................................29

A.    The trial court has fixed the "conversion" issue by signing the January 2018 Order. .......................................................30

B.    The trial court had discretion to deny Martinez's plea to the jurisdiction ...............................................................30

C.    Mandamus is not the proper remedy for this ruling. ................31

Prayer ...........................................................................................................33

Certificate of Rule 9.4(i) Compliance ..........................................................34

Certification of Appendix ..............................................................................35

Certificate of Rule 52.3(j) Compliance .........................................................36

Certificate of Service ....................................................................................37

Appendices .....................................................................................................38

## Index of Authorities

<u>Cases</u>

*Bell Helicopter Textron, Inc. v. Walker*,
　787 S.W.2d 954 (Tex. 1990) (orig. proceeding) (per curiam) .............................18

*Brown v. Herman*,
　852 S.W.2d 91 (Tex. App.—Austin 1993, orig. proceeding) ..... 18, 26–27, 30–31

*Callahan v. Giles*,
　155 S.W.2d 793 (Tex. 1941) (orig. proceeding) ...................................................27

*Crossley v. Staley*,
　988 S.W.2d 791 (Tex. App.—Amarillo 1999, no pet.)..........................................21

*D'Unger v. De Pena*,
　931 S.W.2d 533 (Tex. 1996) (orig. proceeding) (per curiam) ...................... 18, 26

*Dodson v. Seymour*,
　664 S.W.2d 158 (Tex. App.—San Antonio 1983, no writ) .................................20

*Estate of Lee*,
　981 S.W.2d 288 (Tex. App.—Amarillo 1998, pet. denied).............. 22, 23, 24, 26

*Furr's Supermarkets, Inc. v. Mulanax*,
　897 S.W.2d 442 (Tex. App.—El Paso 1995, orig. proceeding [leave
　denied])...............................................................................................................28

*Gregory v. Rice*,
　678 S.W.2d 603 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.)........21

*In re Bay Area Citizens Against Lawsuit Abuse*,
　982 S.W.2d 371 (Tex. 1998) (orig. proceeding) ..................................................18

*In re BP Prods. N. Am., Inc.*,
　244 S.W.3d 840 (Tex. 2008) (orig. proceeding) ..................................................26

*In re Brent W. Coon, P.C.*,
　No. 09-09-00263-CV, 2009 Tex. App. LEXIS 7434, 2009 WL 3030355
　(Tex. App.—Beaumont Sep. 24, 2009, orig. proceeding) (mem. op.)................26

*In re Graham*,
971 S.W.2d 56 (Tex. 1998) (orig. proceeding) ....................................................23

*In re Hunting*,
No. 05-15-00200-CV, 2015 Tex. App. LEXIS 1684, 2015 WL 737408
(Tex. App.—Dallas Feb. 20, 2015, orig. proceeding) (mem. op.)..................19, 20

*In re Int'l Profit Assocs.*,
274 S.W.3d 672 (Tex. 2009) (orig. proceeding) (per curiam) ............................27

*In re Jindal Saw Ltd.*,
264 S.W.3d 755 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) ........27

*In re Kuster*,
363 S.W.3d 287 (Tex. App.—Amarillo 2012, orig. proceeding [habeas
denied]) .................................................................................................................31

*In re Laibe Corp.*,
307 S.W.3d 314 (Tex. 2010) (orig. proceeding) (per curiam) ............................27

*In re Le*,
335 S.W.3d 808 (Tex. App.—Houston [14th Dist.] 2011, orig.
proceeding) ...........................................................................................................20

*In re McAllen Med. Ctr., Inc.*,
275 S.W.3d 458 (Tex. 2008) (orig. proceeding) .................................................32

*In re Melcher*,
No. 14-16-00130-CV, 2017 Tex. App. LEXIS 2490, 2017 WL 1103549 (Tex.
App.—Houston [14th Dist.] Mar. 23, 2017, orig. proceeding) (mem. op.)...28–29

*In re Olshan Found. Repair Co.*,
328 S.W.3d 883 (Tex. 2010) (orig. proceeding) .................................................18

*In re Salinas*,
No. 13-09-00599-CV, 2010 Tex. App. LEXIS 395, 2010 WL 196887
(Tex. App.—Corpus Christi Jan. 20, 2010, orig. proceeding) (mem. op.)
(per curiam) ..........................................................................................................28

*Int'l Awards, Inc. v. Medina*,
900 S.W.2d 934 (Tex. App.—Amarillo 1995, orig. proceeding) .......................28

*Kanan v. Plantation Homeowner's Ass'n*,
407 S.W.3d 320 (Tex. App.—Corpus Christi 2013, no pet.)...............................21

*Marshall v. Hobert Estate*,
315 S.W.2d 604 (Tex. Civ. App.—Eastland 1958, writ ref'd) (per curiam) .......24

*Rivercenter Assocs. v. Rivera*,
858 S.W.2d 366 (Tex. 1993) (orig. proceeding) .............................................27–28

*Seay v. Hall*,
677 S.W.2d 19 (Tex. 1984) ..................................................................................22

*Shepherd v. Ledford*,
962 S.W.2d 28 (Tex. 1998) ..................................................................................21

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) (orig. proceeding) .......................................... 18, 26

Statutes and Rules
Act of May 17, 1979, 66th Leg., R.S., ch. 713, § 3, sec. 5A, 1979 Tex. Gen.
Laws 1740....................................................................................................22

Act of May 17, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex. Gen. Laws
2995 .........................................................................................................22–23

Act of May 31, 2009, 81st Leg., R.S., ch. 1351, 2009 Tex. Gen. Laws 4273...22, 23

Tex. Est. Code Ann. § 307.002 (LexisNexis, Lexis Advance through 2017
r.s. & 1st c.s.)............................................................................................11, 12

Tex. Est. Code Ann. § 31.001 (LexisNexis, Lexis Advance through 2017 r.s.
& 1st c.s.)........................................................................................................24

Tex. Est. Code Ann. § 32.001 (LexisNexis, Lexis Advance through 2017 r.s.
& 1st c.s.)........................................................................................................24

Tex. R. App. P. 52..................................................................................................19

Tex. R. Civ. P. 11....................................................................................................21

Texas Probate Code, 54th Leg., R.S., ch. 55, 1955 Tex. Gen. Laws 88 .......... 11, 23

## Statement of the Case

| Nature of the case | Probate administration. |
|---|---|
| Respondent | Hon. Romero Molina, County Court at Law, Starr County, Texas |
| Orders from which relator seeks relief | January 26, 2017 Pre-Trial Order. M.R. at 113 (Ex. H). May 22, 2017 Order Denying Plea to Jurisdiction. M.R. at 138 (Ex. J). |

## Issues Presented

1. The independent co-executors of an estate announced a unanimous partial settlement of the next steps of the administration in open court through counsel. The probate court entered an order expressly according to that agreement. This Court should reject an executor's mandamus challenge that fails to acknowledge the open court agreement underlying this order. *See* Argument § I.

    a. The co-executors had previously entered an agreement that required a majority vote to approve some decisions. This Court should reject an executor's mandamus petition when counsel for five of the six co-executors approved the above-mentioned order as to form and substance.

2. An independent co-executor filed a "plea to the jurisdiction" asserting that the probate court "should exercise no further jurisdiction" in the administration. The probate court denied this plea and intends to rule on the motions before it but has not yet done so. Mandamus should be denied concerning this order. *See* Argument § II.

## Cross-Issue Presented

1. Concerning Issue 1 above, the relator waited four months after the order was issued and six months after the underlying agreement to file her petition for writ of mandamus. Her mandamus petition is barred by laches. *See* Argument § I.D.

## Record and Party References

Real Parties in Interest Maria Iris Trevino and Maria Del Rosario G. Pope file this Response pursuant to Rule 52 of the Texas Rules of Appellate Procedure. Parties will be referred to as in the trial court or by name.

For ease of reference, Relator Maria Cecilia Martinez's Exhibits in Support of Petition for Writ of Mandamus will be cited according to the PDF page number and will be referred to as "M.R. at {page} (Ex. {letter})." For example, the first page of Exhibit A would be cited as "M.R. at 4 (Ex. A)." The transcript filed by Martinez on January 18, 2018, will be cited as "1/9/18 R.R. at {page}." The appendices attached to this response will be referred to as "App. Tab {letter}."

Trevino and Pope have also filed a First Supplemental Record on Mandamus Volume, which will be cited as "Suppl. M.R. at {page}" according to the bates stamped page number for that volume.

**Statement of Facts**

This mandamus action returns to this Court after the Court dismissed the previous version for want of jurisdiction in appellate cause number 04-17-00333-CV (*Martinez I*). While Relator Maria Cecilia Martinez's mandamus petition is virtually the same as in *Martinez I*, the trial court has since amended one of the orders at issue to remove language that arguably "converted" the underlying probate administration from independent to dependent.

Three trial court orders are pertinent to this mandamus:

1. the **January 2017 Order** signed January 26, 2017, according to a partial settlement agreement entered in open court in November 2016 (M.R. at 113 (Ex. H));
2. the **May 2017 Order** signed May 22, 2017, which denied Martinez's plea to the jurisdiction (M.R. at 138 (Ex. J)); and
3. the **January 2018 Order** signed January 9, 2018, which amended the May 2017 Order by deleting the alleged "conversion" language (Suppl. M.R. at 80 (App. Tab H)).

With the alleged conversion issue resolved, this Court should deny Martinez's petition for writ of mandamus as to all issues.

**1.     The six independent co-executors entered an agreement that required majority agreement as to some decisions.**

Ignacia Gutierrez died testate on January 4, 2006. M.R. at 57 ¶ 2 (Ex. E-1). Through a codicil, Ignacia appointed four of her six children to serve as independent co-executors with the four to be chosen by a majority vote of the six. *Id.* at 18 § II (Ex. A – 1st Codicil). Her children decided otherwise and agreed that all six children

would serve as co-executors. *Id.* at 28 (Ex. C-1). The trial court obliged and ordered that letters be issued to all six in March 2006. *Id.* at 26 (Ex. B). The six co-executors are Maria Celeste G. Narro, Maria Del Rosario G. Pope (a/k/a Maria Rosario G. Pope), Jose Ignacio Gutierrez, Maria Minerva G. Guerra, Maria Cecilia G. Martinez, and Maria Iris Trevino (a/k/a Maria Iris G. Trevino). *See id.*

The children also agreed "that any significant decisions involving more than $1,000.00 will be taken by a majority of the six, instead of any individual executors." *Id.* at 38 (Ex. C-2). This agreement implicitly purports to modify the Estates Code's default rule, which permits each independent co-executor to act on behalf of the estate in any decision without requiring the agreement of other co-executors except for the conveyance of real estate. *See* Tex. Est. Code Ann. § 307.002 (LexisNexis, Lexis Advance through 2017 r.s. & 1st c.s.) (App. Tab C).[1]

---

[1] As discussed below, the 2006 Probate Code applies to the pertinent jurisdictional analysis. *See infra* Argument § I.B. & n.5. That said, the outcome of this mandamus should be the same under the Estates Code as well.

Copies of pertinent statutes from the 2006 Probate Code are included in the appendix. The copies are taken from the 2006 edition of Prof. Stanley M. Johanson's *Texas Probate Code Annotated*. *See* App. Tabs D–F.

The 2006 Probate Code's Section 240 was similar to the current Estates Code Section 307.002. Texas Probate Code, 54th Leg., R.S., ch. 55, § 1, sec. 240, 1955 Tex. Gen. Laws 88, 160, *repealed by* Act of May 30, 2009, 81st Leg., R.S., ch. 680, § 10(a), 2009 Tex. Gen. Laws 1512, 1731; App. Tab D.

The original session law for Section 240 is available here: http://www.lrl.texas.gov/scanned/sessionLaws/54-0/SB_97_CH_55.pdf. The repealing session law is available here: http://www.lrl.texas.gov/scanned/sessionLaws/81-0/HB_2502_CH__680.pdf.

**2. Administration languished without distribution for over a decade.**

Despite those initial agreements, the estate remains undistributed. *See* M.R. at 57 ¶ 2 (Ex. E-1). Contrary to Martinez's depiction, all executors (including Martinez) sought the court's guidance in the passing decade. *See id.* at 130–31 ¶ 3 (Ex. I-3) (listing Martinez's numerous motions). Co-Executors Maria Iris Trevino and Maria Del Rosario G. Pope have recently asked the trial court to exercise its statutory authority to permit the two of them to sign deeds distributing the portions of the estate left to them as beneficiaries. *See id.* at 57–59 (Ex. E-1) (citing Tex. Est. Code Ann. § 307.002(b) (App. Tab C)). Trevino and Pope have also sought distribution and approval of their accounting. *See id.* at 131 ¶ 4 (Ex. I-3).

**3. The co-executors reached a unanimous agreement in open court in November 2016 to take steps to distribute the estate.**

The record does not support Martinez's claim that the co-executors are divided into majority and minority factions with Martinez in the majority and Trevino and Pope in the minority. *See* Pet. 6. To the contrary, as recited in the January 2017 Order, attorneys for all six co-executors announced a unanimous agreement concerning the next steps in the administration in a November 2016 hearing. *See* M.R. at 113 (Ex. H); Suppl. M.R. at 11–34. Indeed, counsel for five of the six co-executors (all except Martinez) signed and approved the January 2017

12

Order as to form and substance. M.R. at 116 (Ex. H). So with regard to the January 2017 Order at least, only Martinez alone arguably constitutes the "minority faction."

Martinez does not mention this agreement or provide a transcript of that hearing to this Court. Trevino and Pope (the co-executors filing this response) have filed an authenticated transcript of that proceeding. *See* Suppl. M.R. at 11–34.

The agreement arose amid disputes concerning the final distribution of the estate[2] and concerned surveys, necessary correction deeds, funds from related litigation with third parties, a review of the books and records of the estate, an inventory of cattle on estate ranches, and preparations for the sale of the decedent's home. *See* M.R. at 113–16 (Ex. H); Suppl. M.R. at 11–34. Rigney made no objection to the agreement in the hearing, and he expressly agreed to terms at the

---

[2] The nature of these disputes is not relevant to this Court's analysis in this mandamus. That said, Trevino and Pope disagree with Martinez's presentation of these disputes in her mandamus petition. They note two of these disagreements here.

*First*, Martinez repeatedly emphasizes the year 1925 as the alleged year of origin for Trevino and Pope's proposed property descriptions. *E.g.*, Pet. 5–7, 17 n.8. The exact year or years of origin are irrelevant to this mandamus. Moreover, Trevino and Pope's point is simply that the estate can only convey (and must only convey) what the decedent owned, which must be based on the property descriptions in her chain of title. New surveys will not change what title is in the decedent's estate. If a beneficiary wants to re-survey her property line, then the beneficiary should do so after distribution, but the estate has no justifiable reason to pay for these costly surveys. *See* M.R. at 78 (Ex. E-6). Trevino and Pope have acted to prevent this waste as is their duty as executors and right as beneficiaries. Trevino and Pope accordingly object to the characterization that their position is "absolutely ridiculous." *See* Pet. 7. In any event, the trial court has not ruled on this issue.

*Second*, Martinez states that Trevino and Pope "sought to waive the statutorily required accounting." Pet. 6. Trevino and Pope deny this allegation, and Martinez cites no record or statutory authority to support it.

trial court's request. *See, e.g.*, Suppl. M.R. at 20–22, 31. For example, at the trial court's request, Rigney verbally agreed with the plan to conduct the surveys first to see if there was any real disagreement over property descriptions and who should sign the distribution deeds. *See id.* at 20–22. Similarly, Rigney also agreed that the executors should pay the costs of an accountant to review the records of the estate and that reimbursement by the estate could be addressed later if the records show any problems. *See id.* at 31. At the end of the hearing, the trial court thanked the parties for their settlement efforts and asked, without objection, that an order be prepared concerning the agreement. *See id.* at 31–32.

## 4. The trial court entered an order in January 2017 expressly based on that agreement, and a majority of the executors approved the order.

The trial court entered the January 2017 Order expressly according to the agreement announced at the November 2016 hearing. M.R. at 113 (Ex. H).[3] In accordance with the co-executors' majority-rule agreement described above (*see*

---

[3] Specifically, the January 2017 Order states:

> On the 17th day of November 2016, there came on before the Court in the above-styled and numbered cause, a pretrial hearing on some pending motions, and came the parties by and through their attorneys of record, Marcel Notzon, appearing for [Narro, Gutierrez, and Guerra], John Rigney for [Martinez], and O.C. Hamilton, Jr. for [Trevino and Pope]. Prior to considering any pending motion, the attorneys announced that they had reached a settlement on some of the disputes which may dispose of most of the issues in the case whereupon the Court proceeded to hear the agreements of counsel, and based on such agreements, makes the following order . . . .

M.R. at 113 (Ex. H).

14

*supra* § 1), a majority of the six co-executors approved the January 2017 Order "as to form and substance" through counsel.  M.R. at 116 (Ex. H).  Martinez did not file her mandamus petition in *Martinez I* until late May 2017, which was roughly four months after this order and more than six months after the underlying agreement.

**5.     The trial court denied Co-Executrix Maria Cecilia Martinez's plea to the jurisdiction in May 2017 and planned to hear other motions.**

Two months after the January 2017 Order was signed, Martinez filed a plea to the jurisdiction arguing that the trial court lacked jurisdiction to "tak[e] further steps in the administration of the Estate" and "should exercise no further jurisdiction."  M.R. at 120 (Ex. I-1).[4]  The trial court then signed the May 2017 Order denying Martinez's plea to the jurisdiction but has not yet ruled on several other motions before it.  M.R. at 138 (Ex. J).

**6.     This Court dismissed Martinez's first attempt at mandamus for want of jurisdiction, and the trial court then amended the May 2017 Order.**

In *Martinez I*, the parties disagreed as to whether the trial court had "converted" the administration from independent to dependent by stating in the May

_____

[4] The other three executors besides Pope, Trevino, and Martinez had filed a plea to the jurisdiction before the November 2016 settlement hearing.  M.R. at 123 (Ex. I-2).  Unlike Martinez's plea, that plea attacked specific motions filed by Trevino and Pope.  *See id.* at 123.  The trial court has not ruled on that plea.

2017 Order that "the administration of the Estate will be treated as dependent administration." *See* M.R. at 138 (Ex. J). No party had requested such a conversion.

After *Martinez I*, Trevino and Pope asked the trial court to clarify whether it intended to convert the administration from independent to dependent and requested that the trial court amend the May 2017 Order to remove the "treated as dependent" language. Suppl. M.R. at 36–37. The trial court granted Trevino and Pope's request and signed the January 2018 Order after this Court permitted the trial court to rule on Trevino and Pope's motion. Suppl. M.R. at 80 (App. Tab H).

## 7. What remains to be done in the probate administration from Trevino and Pope's perspective.

While several motions are pending in the trial court, Trevino and Pope primarily seek to accomplish the goals listed in this section. In short, Trevino and Pope want the portion of the estate devised to them to be distributed to them. Specifically, they want to receive deeds to the real property devised to them using the proper legal descriptions the decedent received, not using new surveyed descriptions. Trevino and Pope are not seeking to sign other beneficiaries' deeds. They also want their portion of the estate funds (including royalties from oil and gas interests) to be distributed to them. Before distribution can occur, however, the trial court must approve the accounting Trevino and Pope filed.

16

**Summary of the Argument**

This Court should deny mandamus as to both orders challenged by Martinez.

The trial court based its January 2017 Order on a unanimous agreement of the parties entered in open court. Moreover, the co-executors agreed that majority vote controls, and a majority of the co-executors approved the January 2017 Order. No clear abuse of discretion exists as a result, and none of Martinez's authorities overcome the policy favoring settlement agreements. The trial court had jurisdiction to enter the January 2017 Order because it pertained to the settlement and distribution of this estate and did not interfere with the independent administration. Mandamus as to the January 2017 Order is also barred due to Martinez's failure to strictly comply with Rule 52 and under the doctrine of laches. *See* Argument § I.

The trial court also had discretion to deny Martinez's plea to the jurisdiction. The trial court's January 2018 Order removed the alleged *sua sponte* "conversion" of the administration from independent to dependent. Martinez's claim that the trial court lacks jurisdiction to take further steps in the administration lacks merit. The probate court has jurisdiction to determine its authority to rule on pending motions, and this Court should permit the probate court to do so. *See* Argument § II.

This estate has taken too long to be distributed. This Court should quickly deny mandamus so that this administration can finally be closed.

17

## Mandamus Standard

Mandamus will not issue unless: (1) the trial judge has committed a clear abuse of discretion, and (2) there is no adequate remedy on appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887–88 (Tex. 2010) (orig. proceeding). A clear abuse of discretion occurs only when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

The Texas Supreme Court has held that trial court interference with independent administration without statutory authority is subject to mandamus. *D'Unger v. De Pena*, 931 S.W.2d 533, 535 (Tex. 1996) (orig. proceeding) (per curiam). That ruling, however, must be read in light of the fact that mandamus is an extraordinary remedy not available for incidental pre-trial rulings. *See Walker*, 827 S.W.2d at 842. Increased cost or delay involved in a trial and appeal generally does not render an appeal an inadequate remedy justifying mandamus review. *See id.* at 840–42. Denials of pleas to the jurisdiction are generally not subject to mandamus review because they have an adequate appellate remedy. *See e.g., In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990) (orig. proceeding) (per curiam); *Brown v. Herman*, 852 S.W.2d 91, 93 (Tex. App.—Austin 1993, orig. proceeding) (applying rule in probate court).

18

**Argument**

## I. Martinez is not entitled to mandamus as to the January 2017 Order. {Response to Martinez's §§ [A], [C]}.

This Court should deny Martinez's request that the January 2017 Order be set aside. The trial court did not abuse its discretion by entering an order according to the executors' unanimous (and later, majority approved) partial settlement of this administration, and that order does not constitute interference that would give rise to mandamus. *See infra* §§ I.B., C. Additionally, Martinez's petition fails to strictly comply with Rule 52 and is barred by laches. *See infra* §§ I.A., D.

### A. Martinez failed to strictly comply with Rule 52.

As in *Martinez I*, Martinez again erroneously failed to file a transcript of the hearing held on November 17, 2016, or a statement that no testimony was adduced at that hearing. *See* Tex. R. App. P. 52.7(a)(2). The January 2017 Order is expressly based on a settlement agreement announced and presented at that hearing. M.R. at 113 (Ex. H). Martinez's only statement concerning a hearing pertains to a later hearing that resulted in the May 2017 Order. Pet. 8 n.4.

A relator must strictly comply with Rule 52's provisions concerning the appendix and record. *In re Hunting*, No. 05-15-00200-CV, 2015 Tex. App. LEXIS 1684, at *1–2, 2015 WL 737408 (Tex. App.—Dallas Feb. 20, 2015, orig. proceeding) (mem. op.). Chief among Rule 52's requirements is "the critical

19

obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Because Martinez failed to strictly comply with Rule 52's requirements, this Court should deny mandamus as to the January 2017 Order. *See, e.g.*, *In re Hunting*, 2015 Tex. App. LEXIS 1684, at *1–2. Trevino and Pope have filed a copy of that transcript for the Court's convenience, but Martinez's failure should nonetheless result in mandamus being denied.

**B.    The trial court had the discretion to enforce the co-executors' unanimous (and later, majority approved) agreement.**

To the extent the Court reviews the January 2017 Order, the Court should rule that the trial court did not clearly abuse its discretion. The trial court had discretion to enter the January 2017 Order according to the unanimous agreement the co-executors entered in open court. Additionally, a majority of the co-executors approved the January 2017 Order through counsel in accordance with the earlier majority-rule agreement. The order pertained to the distribution and settlement of the estate and was thus within the court's jurisdiction.

The probate court has the power to enforce settlement agreements even in independent administrations. *See, e.g.*, *Dodson v. Seymour*, 664 S.W.2d 158, 160–62 (Tex. App.—San Antonio 1983, no writ) (affirming order made pursuant to Rule 11 agreement entered in unreported telephone conference with judge). The law

favors settlement, and that is no less true in the probate context. *See Shepherd v. Ledford*, 962 S.W.2d 28, 32 (Tex. 1998) (explaining that a settlement agreement in probate administration "is a favorite of the law"); *Gregory v. Rice*, 678 S.W.2d 603, 606–07 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (enforcing agreement to disregard testator's intent). Appellate courts have affirmed court orders to enforce agreements concerning distribution and administration of the estate among contentious independent co-executors. *See, e.g.*, *Crossley v. Staley*, 988 S.W.2d 791, 792–97 (Tex. App.—Amarillo 1999, no pet.) (holding court had jurisdiction to enforce such an agreement). This Court should not make an exception here, which would allow Martinez to back out of the November 2016 agreement and to override the majority-approved January 2017 Order. Such a ruling would undermine parties' ability to settle probate disputes.

The January 2017 Order complied with Rule 11 and the majority-rule agreement. Rule 11 provides that agreements between attorneys or parties made in open court and entered of record are enforceable. Tex. R. Civ. P. 11 (App. Tab G). When an agreement is made in open court and entered of record, it is not necessary that the parties each sign off on a written agreement or agreed order. *See Kanan v. Plantation Homeowner's Ass'n*, 407 S.W.3d 320, 328 (Tex. App.—Corpus Christi 2013, no pet.). Here, the parties agreed in open court through counsel, and a majority approved the January 2017 Order.

The jurisdictional statutes governing this proceeding provide authority for the January 2017 Order. This administration is subject to the former Probate Code's jurisdictional statutes (Sections 4, 5, and 5A) as they existed in 2006.[5] The Legislature enacted former Section 5A[6] to expand probate jurisdiction. *Estate of Lee*, 981 S.W.2d 288, 291 (Tex. App.—Amarillo 1998, pet. denied). While Texas law had long limited judicial interference with independent administration, the Legislature later added former Section 5A in part to grant the courts' new authority to take actions even in independent administrations. *See id.* "By [former Section 5A], the Legislature intended to expand probate jurisdiction to matters in which the controlling issue was the settlement, partition, or distribution of an estate." *Id.* (citing *Seay v. Hall*, 677 S.W.2d 19, 22 (Tex. 1984), *superseded by statute on other grounds*, Act of May 17, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex. Gen. Laws

---

[5] The session law that repealed the pertinent 2006 statutes stated, "The changes in law made by this section apply only to an action filed or a proceeding commenced on or after the effective date [September 1, 2009] of this Act." Act of May 31, 2009, 81st Leg., R.S., ch. 1351, §§ 12(i), 15, 2009 Tex. Gen. Laws 4273, 4279, 4282, *available at* http://www.lrl.texas.gov/scanned/sessionLaws/81-0/SB_408_CH_1351.pdf (App. Tab A). The estate proceeding here was commenced in 2006. *See* M.R. at 26 (Ex. B).

The result here is the same if the current jurisdictional statutes apply, too. *See infra* n.9.

[6] Act of May 17, 1979, 66th Leg., R.S., ch. 713, § 3, sec. 5A, 1979 Tex. Gen. Laws 1740, 1741, *repealed by* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279. The original act contained the language discussed in this response and is available at: http://www.lrl.texas.gov/scanned/sessionLaws/66-0/HB_329_CH_713.pdf. Section 5A was also amended several times before 2006, and the full list of amending session laws through 2006 is included with the copy of the 2006 statute in the appendix. App. Tab F.

22

2995, 2996 (codified at Tex. Prob. Code § 5A (repealed)), *as recognized in In re Graham*, 971 S.W.2d 56, 59–60 (Tex. 1998) (orig. proceeding)).[7]

Specifically, under former Probate Code Section 5(f),[8] the court exercising original probate jurisdiction—here, the Starr County Court at Law—has "the power to hear all matters incident to an estate." App. Tab E. As applicable to county courts at law, former Section 5A(a) defines "incident to an estate" to cover several items including "generally all matters, relating to the settlement, partition, and distribution of estates of deceased persons." App. Tab F.

For example, under former Section 5A, a court of appeals upheld a county court at law's order determining the dollar amount each beneficiary of an estate was entitled to receive as a distribution. *See Estate of Lee*, 981 S.W.2d at 289–92. The independent executor had requested this order after a beneficiary refused to account for estate property. *Id.* at 290. The court of appeals affirmed the order. *See id.* at 289–92. As the court of appeals explained, the order did not interfere with the

---

[7] The session law that superseded *Seay* in part on other grounds is available at http://www.lrl.texas.gov/scanned/sessionLaws/69-0/HB_479_CH_875.pdf.

[8] Texas Probate Code, 54th Leg., R.S., ch. 55, § 1, sec. 5, 1955 Tex. Gen. Laws 88, 91, *repealed by* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279.

The quoted language was added by later amendments. Section 5 was amended several times before 2006, and the full list of amending session laws through 2006 is included with the copy of the 2006 statute in the appendix. App. Tab E.

independent administration, and the order pertained to settlement and distribution of the estate, which is expressly permitted by former Section 5A. *See id.* at 291–92.

The present case's January 2017 Order also pertains to settlement and distribution of the estate. The order, which reflects a partial settlement among the co-executors, also does not interfere with the independent administration. As a result, the Court should hold that the January 2017 Order was authorized by statute.[9]

Martinez's cited cases do not involve court approval of a settlement. Instead, her cases analyze situations where a single independent executor sought court approval of a contested action. *See, e.g.*, *Marshall v. Hobert Estate*, 315 S.W.2d 604, 605–07 (Tex. Civ. App.—Eastland 1958, writ ref'd) (per curiam) (involving independent executor's attempt to enter lease over beneficiary's objection). The *Marshall* opinion cited by Martinez also pre-dates the enactment of Section 5A, which expanded probate jurisdiction as described above. She does not cite cases involving disputes among independent co-executors or, more specifically, cases addressing a majority-vote agreement like the one in this administration. Her cases are thus distinguishable, and this Court should reject her arguments based on them.

---

[9] The same result would hold under the current jurisdictional statutes, which provide authority for jurisdiction over "any other matter related to the settlement, partition, or distribution of the estate." *See* Tex. Est. Code Ann. §§ 31.001(6), 32.001(a) (LexisNexis, Lexis Advance through 2017 r.s. & 1st c.s.).

Moreover, for the majority-rule agreement to work, executors must be able to agree and must be able to rely on the court to construe and enforce those agreements. This particular administration needs the court to have the ability to enforce agreements.

The Estates Code does not directly address what the options are for resolving disagreements among multiple independent executors. Its sole apparent guidance—Section 307.002's statement that each executor may generally act on behalf of the estate without joinder of the other executors—largely does not apply here due to the majority-rule agreement. To the extent the parties overrode the Estates Code in this regard, the probate court be able to at least enforce agreements of the executors.

Curiously, Martinez (incorrectly) characterizes this mandamus record as one where a minority of co-executors convinced the trial court to prevent a majority from managing the estate. *See supra* Statement of Facts § 4. But her mandamus petition effectively asks the Court to rule that the trial court has no jurisdiction to sign an order approved by a majority of the co-executors. If the trial court could not sign the January 2017 Order, the trial court effectively cannot enforce the majority-rule agreement either.

Additionally, in *Martinez I*, Martinez never argued that a unanimous agreement would not be enforceable and never offered a response to Trevino and Pope's point that a majority approved the January 2017 Order. She only argued that

25

her former counsel did not agree to the terms presented in the November 2016 hearing. Trevino and Pope disagree with that reading of the transcript.

Parties generally cannot seek appellate review of an agreed trial court order. *See, e.g.*, *In re Brent W. Coon, P.C.*, No. 09-09-00263-CV, 2009 Tex. App. LEXIS 7434, at *3–4, 2009 WL 3030355 (Tex. App.—Beaumont Sep. 24, 2009, orig. proceeding) (mem. op.); *see also In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845–46 (Tex. 2008) (orig. proceeding) (emphasizing courts should be particularly reluctant to set aside party agreements). This Court should not make an exception here and should deny mandamus as to the January 2017 Order.

## C. Martinez has an adequate appellate remedy.

Because the January 2017 Order is based on the executors' agreement, it does not raise the problem of interfering with independent administration. *See supra* § I.B. As a result, this case does not fall within the Texas Supreme Court's ruling that unauthorized interference with an independent administration is subject to mandamus. *See D'Unger v. De Pena*, 931 S.W.2d 533, 535 (Tex. 1996) (orig. proceeding) (per curiam); *see also Estate of Lee*, 981 S.W.2d 288, 291–92 (Tex. App.—Amarillo 1998, pet. denied) (finding order described above not to be interference). The January 2017 Order is an incidental pretrial ruling which is not subject to mandamus review. *See Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding); *Brown v. Herman*, 852 S.W.2d 91, 93 (Tex. App.—Austin

1993, orig. proceeding) (refusing mandamus as to probate court's determination that it had jurisdiction). This Court should deny mandamus on this prong as well.

**D.     Laches bars Martinez's petition as to this order.**

Additionally, Martinez waited too long to complain about the January 2017 Order by mandamus. Her mandamus petition in *Martinez I* came about four months after the order and more than six months after the open court agreement.

Writs of mandamus are largely controlled by equitable principles. *In re Int'l Profit Assocs.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). As a result, the doctrine of laches can bar mandamus. *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941) (orig. proceeding). "[E]quity aids the diligent and not those who slumber on their rights." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). The party asserting laches must show (1) an unreasonable delay by the relator and (2) good faith change in position by another to his or her detriment because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam). Both elements are established here.

Delays like Martinez's are regularly held to be unreasonable. "A delay of only a few months can constitute laches." *In re Jindal Saw Ltd.*, 264 S.W.3d 755, 760 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (citing cases involving four month delays), *mand. granted on other grounds*, 289 S.W.3d 827, 828 (Tex. 2009) (orig. proceeding) (per curiam). Examples abound. *See, e.g.*, *Rivercenter*

27

*Assocs.*, 858 S.W.2d at 367–68 (waiting over four months after jury demand before asserting jury waiver rights in contract).[10]

Martinez thus unreasonably delayed her mandamus by waiting four months. As an excuse, she suggests in a footnote that it was unclear to her what the trial court was doing. *See* Pet. 16 n.7. She does not, however, indicate that the January 2017 Order was somehow ambiguous or opaque. To the contrary, as relator she must show that the January 2017 Order constitutes a *clear* abuse of discretion. *See supra* Mandamus Standard. The trial court entered an order based on the agreement Martinez's attorney entered on her behalf. This Court should reject her excuse.

As to the second element, Trevino and Pope changed their position in good faith to their detriment because of Martinez's delay. The order required Trevino and Pope to prepare deeds and send them to the other executors' counsel, which they did. *See* M.R. at 114 ¶ 3 (Ex. H); M.R. at 57 ¶ 1 (Ex. E-1). Trevino and Pope complied with the order in other ways as well and sought sanctions to enforce the order. *See id.* at 90–93 (Ex. F-1); App. Tab. B (Pope affid.).[11] Trevino and Pope also had

---

[10] *See also, e.g.*, *In re Salinas*, No. 13-09-00599-CV, 2010 Tex. App. LEXIS 395, at *4–5, 2010 WL 196887 (Tex. App.—Corpus Christi Jan. 20, 2010, orig. proceeding) (mem. op.) (per curiam) (between three and four months); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 935–36 (Tex. App.—Amarillo 1995, orig. proceeding) (just over four months); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (four months after oral ruling and one month after written order).

[11] While the Pope affidavit was not before the trial court, parties can submit affidavits to the court of appeals in an original proceeding to establish elements of laches, which is a doctrine necessarily asserted for the first time in an appellate court when challenging a mandamus petition. *See, e.g.*, *In re Melcher*, No. 14-16-00130-CV, 2017 Tex. App. LEXIS 2490, at *7–8, 2017 WL 1103549

28

agreed to forego their claim for compensation in the administration as part of agreeing to the order. M.R. at 134–36 (Ex. I-4). That claim is more than $25,000. *Id.*[12] Moreover, the long-awaited distribution of the estate has now been unnecessarily delayed by Martinez's late attempt to seek mandamus.

Finally, this Court should reject Martinez's argument that laches does not apply because the order is allegedly void. *See* Pet. 16 n.7. The trial court had the ability to enter the January 2017 Order. *See supra* § I.B. Any mandamus complaint involving that enforcement would nonetheless be barred by laches.

Because Trevino and Pope have established both elements, laches bars mandamus as to the January 2017 Order.

## II. Martinez is not entitled to mandamus as to the May 2017 Order. {Response to Martinez's §§ [B], [C]}

The Court should deny mandamus as to Martinez's plea to the jurisdiction. There is no longer an order arguably "converting" the estate administration from independent to dependent. *See infra* § II.A. Additionally, the trial court had discretion to deny her plea to the jurisdiction because her plea sought broad relief

---

(Tex. App.—Houston [14th Dist.] Mar. 23, 2017, orig. proceeding) (mem. op.) (allowing relator to show lack of unreasonable delay through an affidavit attached to a reply brief).

[12] Trevino and Pope have since rescinded their assent to the November 2016 hearing agreement due to lack of compliance with the January 2017 Order. *See* M.R. at 135–36 ¶ 4 (I-4).

unsupported by law.  *See infra* § II.B.  Also, Martinez has an adequate appellate remedy.  *See infra* § II.C.

### A.    The trial court has fixed the "conversion" issue by signing the January 2018 Order.

The "conversion" controversy related to the May 2017 Order's language is now gone as a result of the January 2018 Order.  The trial court explained that it believed the May 2017 Order's "treated as dependent" language was erroneously included.  1/9/18 R.R. at 5.  All that remains at issue is whether the Court should issue mandamus granting Martinez's plea to the jurisdiction.

### B.    The trial court had discretion to deny Martinez's plea to the jurisdiction.

The Court should deny mandamus as to Martinez's plea to the jurisdiction. The trial court had discretion to reject Martinez's request that it "exercise no further jurisdiction" in this case.  *See* M.R. at 120 (Ex. I-1).  This Court should permit the trial court to determine for itself in the first instance whether it has the authority to grant the relief requested in any pending motions.  And when the trial court rules on those motions, the parties can seek appellate or mandamus relief if it is available. This Court should not enter an order preemptively barring the trial court from considering the motions first.  The probate court has the jurisdiction to determine its own authority. *See Brown v. Herman*, 852 S.W.2d 91, 93 (Tex. App.—Austin 1993,

30

orig. proceeding).  Until the probate court makes those rulings, mandamus in this Court is premature and unripe.  *See In re Kuster*, 363 S.W.3d 287, 290 (Tex. App.—Amarillo 2012, orig. proceeding [habeas denied]) ("[T]o the extent that her petition seeks mandamus relief based upon events that have not yet occurred and remain merely hypothetical, we conclude that we are without jurisdiction to render advisory opinions on factual situations that may or may not arise in the future.").

Moreover, Trevino and Pope's pending motions have cited to valid statutory bases for the trial court's action in an independent administration.  The trial court has authority to allow less than all of the executors to sign distribution deeds (Estates Code § 307.002(b)), to remove executors or require them to give bond (Estates Code §§ 404.002, .003, .0035), to issue sanctions, and to force a distribution after an accounting (Estates Code § 405.001).  *See also* Suppl. M.R. at 7–9 (explaining statutory bases for motions);  M.R. at 130 ¶¶ 2–3 (Ex. I-3) (incorporating earlier explanation by reference in response to Martinez's plea to the jurisdiction).

**C.    Mandamus is not the proper remedy for this ruling.**

This Court should also deny mandamus as to the January 2018 Order because denials of pleas to the jurisdiction are generally not subject to mandamus review.  *See supra* Mandamus Standard.  This is true in the probate context as well.  *See Brown*, 852 S.W.2d at 93.

31

This is especially true in this case, however, where Martinez seeks to bar the trial court from ruling on the motions before it and future proceedings. The trial court might rule in Martinez's favor either on the merits or by deciding it lacks authority to rule on the motions at all. Martinez presents no basis for this Court to conclude that the mere hearing of these pending motions will deprive her of rights. This is not a case where "the very act of proceeding to trial [(or in the present case, a hearing)]—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). Even if this Court accepts the speculative premise (and it should not) that the trial court is going to issue rulings adverse to Martinez, Martinez has not explained why she lacks adequate appellate remedies from these hypothetical rulings or why she could not bring mandamus, if necessary and available, at that time when those issues are ripe.

**Prayer**

Trevino and Pope request that this Court deny Martinez's Petition for Writ of Mandamus. Trevino and Pope request such other and further relief at law and in equity to which they may be entitled.

Respectfully submitted,

ATLAS, HALL & RODRIGUEZ, LLP
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

By: /s/ J. Joseph Vale
      **J. Joseph Vale**
      State Bar No. 24084003
      jvale@atlashall.com
      **O.C. Hamilton, Jr.**
      State Bar No. 08847000
      och@atlashall.com

*Attorneys for Maria Iris G. Trevino and Maria Del Rosario G. Pope*

**Certificate of Rule 9.4(i) Compliance**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this Response to Petition for Writ of Mandamus, excluding those matters listed in Rule 9.4(i)(1), is 6,215 words per the word processing program used for its preparation (Microsoft Word).

/s/ J. Joseph Vale
J. Joseph Vale

# Certification of Appendix

STATE OF TEXAS       §
                                     §

COUNTY OF HIDALGO    §

Pursuant to Texas Civil Practice & Remedies Code §132.001, on this day personally appeared J. Joseph Vale and declares under penalty of perjury that the following is true and correct:

1. My name is J. Joseph Vale. I am one of the attorneys for Maria Iris Trevino and Maria Del Rosario G. Pope, real parties in interest the above-referenced cause. I am above the age of eighteen, have never been convicted of a felony or a crime of moral turpitude, and am competent to make this declaration. The facts stated herein are within my personal knowledge and are true and correct.

2. The order contained in Tab H of the Appendices to the Response to Petition for Writ of Mandamus is a true and correct copy of the original appearing in the trial court's record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 22, 2018.

J. Joseph Vale

**Jurat**

My name is J. Joseph Vale, my date of birth is December 19, 1986, and my address is 818 W. Pecan Blvd., McAllen, Texas 78501, United States of America. I declare under penalty of perjury that the foregoing is true and correct. Executed in Hidalgo County, State of Texas, on the 22nd day of January, 2018.

J. Joseph Vale

35

**Certificate of Rule 52.3(j) Compliance**

This certifies that the undersigned has reviewed this Response and concluded that every factual statement in it is supported by competent evidence included in the appendix or record, as required by Appellate Rule 52.3(j). This certificate is signed subject to Trevino and Pope's objection to the missing transcript noted above. *See supra* Argument § I.A.

/s/ J. Joseph Vale
J. Joseph Vale

## Certificate of Service

I certify that the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served on the following counsel of record on January 22, 2018 as follows:

| Recipient: | Attorney for: | Served by: |
|---|---|---|
| **Keith C. Livesay** (rgvappellatelaw@yandex.com) LIVESAY LAW OFFICE 517 West Nolana McAllen, Texas  78504 | Executrix/relator  Maria Cecilia G. Martinez | Electronically if available, or by email |
| **Marcel C. Notzon, III** (mcn@notzonlawfirm.com) THE NOTZON LAW FIRM Northtown Professional Plaza 6999 McPherson, Suite 325 Laredo, Texas  78041 | Executors/real parties in interest  Maria Celeste G. Narro, Ignacio Gutierrez, and Maria Minerva G. Guerra | Electronically if available, or by email |
| **Hon. Romero Molina** Starr County Courthouse 401 N. Britton Avenue Rio Grande City, Texas  78582 | Respondent | Certified mail, return receipt requested |

/s/ J. Joseph Vale
J. Joseph Vale

**Appendices**

| Tab | Document |
|-----|----------|
| A | Act of May 31, 2009 session law that repealed former Probate Code's jurisdictional statutes |
| B | Affidavit of Maria del Rosario G. Pope |
| C | Tex. Est. Code Ann. § 307.002 |
| D | Tex. Prob. Code Ann. § 240 (2006 version) (repealed 2009) |
| E | Tex. Prob. Code Ann. § 5 (2006 version) (repealed 2009) |
| F | Tex. Prob. Code Ann. § 5A (2006 version) (repealed 2009) |
| G | Tex. R. Civ. P. 11 |
| H | Amended Order Denying Plea to the Jurisdiction (the January 2018 Order) |

TAB A

OF THE APPENDIX

## CHAPTER 1351

### S.B. No. 408

### AN ACT

relating to jurisdiction, venue, and appeals in certain matters, including the jurisdiction of and appeals from certain courts and administrative decisions and the appointment of counsel in certain appeals.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1.   Section 51.012, Civil Practice and Remedies Code, is amended to read as follows:

Sec. 51.012.   APPEAL OR WRIT OF ERROR TO COURT OF APPEALS.   In a civil case in which the judgment or amount in controversy exceeds *$250* [$100], exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a final judgment of the district or county court.

SECTION 2.   (a) Section 82.003, Civil Practice and Remedies Code, is amended by adding Subsection (c) to read as follows:

*(c) If after service on a nonresident manufacturer through the secretary of state in the manner prescribed by Subchapter C, Chapter 17, the manufacturer fails to answer or otherwise make an appearance in the time required by law, it is conclusively presumed for the purposes of Subsection (a)(7)(B) that the manufacturer is not subject to the jurisdiction of the court unless the seller is able to secure personal jurisdiction over the manufacturer in the action.*

(b) The change in law made by this section applies to an action filed on or after the effective date of this Act or pending on the effective date of this Act.

SECTION 3.   Subsection (a), Section 22.220, Government Code, is amended to read as follows:

(a) Each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds *$250* [$100], exclusive of interest and costs.

SECTION 4.   Subchapter A, Chapter 25, Government Code, is amended by adding Section 25.0020 to read as follows:

*Sec. 25.0020.   APPOINTMENT OF COUNSEL IN CERTAIN APPEALS.   (a) On a written application of any party to an eviction suit, the county court or county court at law in which an appeal of the suit is filed may appoint any qualified attorney who is willing to provide pro bono services in the matter or counsel from a list provided by a pro bono legal services program of counsel willing to be appointed to handle appeals under this section to attend to the cause of a party who:*

*(1) was in possession of the residence at the time the eviction suit was filed in the justice court; and*

*(2) has perfected the appeal on a pauper's affidavit approved in accordance with Rule 749a, Texas Rules of Civil Procedure.*

*(b) The appointed counsel shall represent the individual in the proceedings of the suit in the county court or county court at law.   At the conclusion of those proceedings, the appointment terminates.*

*(c) The court may terminate representation appointed under this section for cause.*

*(d) Appointed counsel may not receive attorney's fees unless the recovery of attorney's fees is provided for by contract, statute, common law, court rules, or other regulations.   The county is not responsible for payment of attorney's fees to appointed counsel.*

*(e) The court shall provide for a method of service of written notice on the parties to an eviction suit of the right to request an appointment of counsel on perfection of appeal on approval of a pauper's affidavit.*

SECTION 5.   Subchapter A, Chapter 26, Government Code, is amended by adding Section 26.010 to read as follows:

*Sec. 26.010. APPOINTMENT OF COUNSEL IN CERTAIN APPEALS. (a) On a written application of any party to an eviction suit, the county court or county court at law in which an appeal of the suit is filed may appoint any qualified attorney who is willing to provide pro bono services in the matter or counsel from a list provided by a pro bono legal services program of counsel willing to be appointed to handle appeals under this section to attend to the cause of a party who:*

*(1) was in possession of the residence at the time the eviction suit was filed in the justice court; and*

*(2) has perfected the appeal on a pauper's affidavit approved in accordance with Rule 749a, Texas Rules of Civil Procedure.*

*(b) The appointed counsel shall represent the individual in the proceedings of the suit in the county court or county court at law. At the conclusion of those proceedings, the appointment terminates.*

*(c) The court may terminate representation appointed under this section for cause.*

*(d) Appointed counsel may not receive attorney's fees unless the recovery of attorney's fees is provided for by contract, statute, common law, court rules, or other regulations. The county is not responsible for payment of attorney's fees to appointed counsel.*

*(e) The court shall provide for a method of service of written notice on the parties to an eviction suit of the right to request an appointment of counsel on perfection of appeal on approval of a pauper's affidavit.*

SECTION 6. Subsection (c), Section 26.042, Government Code, is amended to read as follows:

(c) If under Subchapter E a county court has original concurrent jurisdiction with the justice courts in all civil matters in which the justice courts have jurisdiction, an appeal or writ of error may not be taken to the court of appeals from a final judgment of the county court in a civil case in which:

(1) the county court has appellate or original concurrent jurisdiction with the justice courts; and

(2) the judgment or amount in controversy does not exceed *$250* [$~~100~~], exclusive of interest and costs.

SECTION 7. Subsection (b), Section 28.052, Government Code, is amended to read as follows:

(b) *Except to the extent of any conflict with this subchapter,* appeal [~~Appeal~~] is in the manner provided by law for *appeals* [~~appeal~~] from justice *courts* [~~court to county court~~].

SECTION 8. The heading to Section 28.053, Government Code, is amended to read as follows:

Sec. 28.053. *DE NOVO TRIAL* [~~HEARING~~] ON APPEAL.

SECTION 9. Subsections (b) and (d), Section 28.053, Government Code, are amended to read as follows:

(b) Trial on appeal *to the county court or county court at law* is de novo. No further pleadings are required [~~and the procedure is the same as in small claims court~~].

(d) *A person may* appeal *the final judgment* [~~Judgment~~] of the county court or county court at law on the appeal *to the court of appeals* [~~is final~~].

SECTION 10. (a) Subsections (a) and (e), Section 531.019, Government Code, as added by Chapter 1161 (H.B. 75), Acts of the 80th Legislature, Regular Session, 2007, are amended to read as follows:

(a) In this section, "public assistance benefits" means benefits provided under a public assistance program under Chapter *31*, *32*, or 33, Human Resources Code.

(e) For purposes of Section 2001.171, an applicant for or recipient of public assistance benefits has exhausted all available administrative remedies and a decision, including a decision under Section *31.034 or* 32.035, Human Resources Code, is final and appealable on the date that, after a hearing:

(1) the hearing officer for the commission or a health and human services agency reaches a final decision related to the benefits; and

(2) the appropriate attorney completes an administrative review of the decision and notifies the applicant or recipient in writing of the results of that review.

(b) The changes in law made by this section apply only to an appeal of a final decision by the Health and Human Services Commission related to financial assistance benefits under Chapter 31, Human Resources Code, that is rendered on or after the effective date of this Act. A final decision rendered by the commission before the effective date of this Act is governed by the law in effect on the date the decision was rendered, and the former law is continued in effect for that purpose.

SECTION 11. (a) Subsection (a), Section 821.025, Health and Safety Code, is amended to read as follows:

(a) An owner *divested of ownership* of an animal *under Section 821.023* [ordered sold at public auction as provided in this subchapter] may appeal the order to a county court or county court at law in the county in which the justice or municipal court is located. As a condition of perfecting an appeal, *not later than the 10th calendar day after the date the order is issued,* the owner must file *a notice of appeal and* an appeal bond in an amount determined by the [justice or municipal] court *from which the appeal is taken* to be adequate to cover the estimated expenses incurred in housing and caring for the impounded animal during the appeal process. *Not later than the fifth calendar day after the date the notice of appeal and appeal bond is filed, the court from which the appeal is taken shall deliver a copy of the court's transcript to the county court or county court at law to which the appeal is made. Not later than the 10th calendar day after the date the county court or county court at law, as appropriate, receives the transcript, the court shall dispose of the appeal.* The decision of the county court or county court at law *under this section is final and* may not be further appealed. [An owner may not appeal an order:

[(1) to give the animal to a nonprofit animal shelter, pound, or society for the protection of animals; or

[(2) to humanely destroy the animal.]

(b) Subsection (a), Section 821.025, Health and Safety Code, as amended by this section, applies only to an appeal of a court order issued on or after the effective date of this Act. An appeal of a court order issued before the effective date of this Act is covered by the law in effect when the appeal was issued, and the former law is continued in effect for that purpose.

SECTION 12. (a) Subsection (bb), Section 3, Texas Probate Code, is amended to read as follows:

(bb) "Probate *proceeding*" is *synonymous with the terms* "Probate matter," ["Probate proceedings,"] "Proceeding in probate," and "Proceedings for probate." *The term means a matter or proceeding related to the estate of a decedent* [are synonymous] *and includes:*

*(1) the probate of a will, with or without administration of the estate;*

*(2) the issuance of letters testamentary and of administration;*

*(3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;*

*(4) an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;*

*(5) a claim arising from an estate administration and any action brought on the claim;*

*(6) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate; and*

*(7) a will construction suit* [include a matter or proceeding relating to the estate of a decedent].

(b) Chapter I, Texas Probate Code, is amended by adding Sections 4A, 4B, 4C, 4D, 4E, 4F, 4G, and 4H to read as follows:

*Sec. 4A. GENERAL PROBATE COURT JURISDICTION; APPEALS. (a) All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. The*

court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as specified in Section 4B of this code for that type of court.

(b) A probate court may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy.

(c) A final order issued by a probate court is appealable to the court of appeals.

Sec. 4B. MATTERS RELATED TO PROBATE PROCEEDING. (a) For purposes of this code, in a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, a matter related to a probate proceeding includes:

(1) an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative;

(2) an action against a surety of a personal representative or former personal representative;

(3) a claim brought by a personal representative on behalf of an estate;

(4) an action brought against a personal representative in the representative's capacity as personal representative;

(5) an action for trial of title to real property that is estate property, including the enforcement of a lien against the property; and

(6) an action for trial of the right of property that is estate property.

(b) For purposes of this code, in a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, a matter related to a probate proceeding includes:

(1) all matters and actions described in Subsection (a) of this section;

(2) the interpretation and administration of a testamentary trust if the will creating the trust has been admitted to probate in the court; and

(3) the interpretation and administration of an inter vivos trust created by a decedent whose will has been admitted to probate in the court.

(c) For purposes of this code, in a county in which there is a statutory probate court, a matter related to a probate proceeding includes:

(1) all matters and actions described in Subsections (a) and (b) of this section; and

(2) any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative.

Sec. 4C. ORIGINAL JURISDICTION FOR PROBATE PROCEEDINGS. (a) In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, the county court has original jurisdiction of probate proceedings.

(b) In a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, the county court at law exercising original probate jurisdiction and the county court have concurrent original jurisdiction of probate proceedings, unless otherwise provided by law. The judge of a county court may hear probate proceedings while sitting for the judge of any other county court.

(c) In a county in which there is a statutory probate court, the statutory probate court has original jurisdiction of probate proceedings.

Sec. 4D. JURISDICTION OF CONTESTED PROBATE PROCEEDING IN COUNTY WITH NO STATUTORY PROBATE COURT OR STATUTORY COUNTY COURT. (a) In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, according to the motion:

(1) request the assignment of a statutory probate court judge to hear the contested matter, as provided by Section 25.0022, Government Code; or

*(2) transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court.*

*(b) If a party to a probate proceeding files a motion for the assignment of a statutory probate court judge to hear a contested matter in the proceeding before the judge of the county court transfers the contested matter to a district court under this section, the county judge shall grant the motion for the assignment of a statutory probate court judge and may not transfer the matter to the district court unless the party withdraws the motion.*

*(c) A party to a probate proceeding may file a motion for the assignment of a statutory probate court judge under this section before a matter in the proceeding becomes contested, and the motion is given effect as a motion for assignment of a statutory probate court judge under Subsection (a) of this section if the matter later becomes contested.*

*(d) Notwithstanding any other law, a transfer of a contested matter in a probate proceeding to a district court under any authority other than the authority provided by this section:*

*(1) is disregarded for purposes of this section; and*

*(2) does not defeat the right of a party to the proceeding to have the matter assigned to a statutory probate court judge in accordance with this section.*

*(e) A statutory probate court judge assigned to a contested matter under this section has the jurisdiction and authority granted to a statutory probate court by this code. On resolution of a contested matter for which a statutory probate court judge is assigned under this section, including any appeal of the matter, the statutory probate court judge shall return the matter to the county court for further proceedings not inconsistent with the orders of the statutory probate court or court of appeals, as applicable.*

*(f) A district court to which a contested matter is transferred under this section has the jurisdiction and authority granted to a statutory probate court by this code. On resolution of a contested matter transferred to the district court under this section, including any appeal of the matter, the district court shall return the matter to the county court for further proceedings not inconsistent with the orders of the district court or court of appeals, as applicable.*

*(g) The county court shall continue to exercise jurisdiction over the management of the estate, other than a contested matter, until final disposition of the contested matter is made in accordance with this section. After a contested matter is transferred to a district court, any matter related to the probate proceeding may be brought in the district court. The district court in which a matter related to the probate proceeding is filed may, on its own motion or on the motion of any party, find that the matter is not a contested matter and transfer the matter to the county court with jurisdiction of the management of the estate.*

*(h) If a contested matter in a probate proceeding is transferred to a district court under this section, the district court has jurisdiction of any contested matter in the proceeding that is subsequently filed, and the county court shall transfer those contested matters to the district court. If a statutory probate court judge is assigned under this section to hear a contested matter in a probate proceeding, the statutory probate court judge shall be assigned to hear any contested matter in the proceeding that is subsequently filed.*

*(i) The clerk of a district court to which a contested matter in a probate proceeding is transferred under this section may perform in relation to the contested matter any function a county clerk may perform with respect to that type of matter.*

*Sec. 4E. JURISDICTION OF CONTESTED PROBATE PROCEEDING IN COUNTY WITH NO STATUTORY PROBATE COURT. (a) In a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, transfer the contested matter to the county court at law. In addition, the judge of the county court, on the judge's own motion or on the motion of a party to the proceeding, may transfer the entire proceeding to the county court at law.*

*(b) A county court at law to which a proceeding is transferred under this section may hear the proceeding as if originally filed in that court. If only a contested matter in the*

*proceeding is transferred, on the resolution of the matter, the matter shall be returned to the county court for further proceedings not inconsistent with the orders of the county court at law.*

*Sec. 4F. EXCLUSIVE JURISDICTION OF PROBATE PROCEEDING IN COUNTY WITH STATUTORY PROBATE COURT. (a) In a county in which there is a statutory probate court, the statutory probate court has exclusive jurisdiction of all probate proceedings, regardless of whether contested or uncontested. A cause of action related to the probate proceeding must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 4H of this code or with the jurisdiction of any other court.*

*(b) This section shall be construed in conjunction and in harmony with Section 145 of this code and all other sections of this code relating to independent executors, but may not be construed to expand the court's control over an independent executor.*

*Sec. 4G. JURISDICTION OF STATUTORY PROBATE COURT WITH RESPECT TO TRUSTS AND POWERS OF ATTORNEY. In a county in which there is a statutory probate court, the statutory probate court has jurisdiction of:*

*(1) an action by or against a trustee;*

*(2) an action involving an inter vivos trust, testamentary trust, or charitable trust;*

*(3) an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and*

*(4) an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney.*

*Sec. 4H. CONCURRENT JURISDICTION WITH DISTRICT COURT. A statutory probate court has concurrent jurisdiction with the district court in:*

*(1) a personal injury, survival, or wrongful death action by or against a person in the person's capacity as a personal representative;*

*(2) an action by or against a trustee;*

*(3) an action involving an inter vivos trust, testamentary trust, or charitable trust;*

*(4) an action involving a personal representative of an estate in which each other party aligned with the personal representative is not an interested person in that estate;*

*(5) an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and*

*(6) an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney.*

(c) Subsection (a), Section 5B, Texas Probate Code, is amended to read as follows:

(a) A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to *the judge's* [his] court from a district, county, or statutory court a cause of action *related to a probate proceeding* [appertaining to or incident to an estate] pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

(d) Subsection (i), Section 25.0022, Government Code, is amended to read as follows:

(i) A judge assigned under this section has the jurisdiction, powers, and duties given by Sections 4A, 4C, 4F, 4G, 4H [5, 5A], 5B, 606, 607, and 608, Texas Probate Code, to statutory probate court judges by general law.

(e) Subsection (c), Section 25.1132, Government Code, is amended to read as follows:

(c) A county court at law in Hood County has concurrent jurisdiction with the district court in:

(1) civil cases in which the matter in controversy exceeds $500 but does not exceed $250,000, excluding interest;

(2) family law cases and related proceedings;

(3) contested probate matters under Section *4D(a)* [5(b)], Texas Probate Code; and

(4) contested guardianship matters under Section 606(b), Texas Probate Code.

(f) Subsection (b), Section 25.1863, Government Code, is amended to read as follows:

(b) A county court at law has concurrent jurisdiction with the district court over contested probate matters. Notwithstanding the requirement in [Subsection (b),] Section *4D(a)* [5], Texas Probate Code, that the judge of the constitutional county court transfer a contested probate proceeding to the district court, the judge of the constitutional county court shall transfer the proceeding under that section to either a county court at law in Parker County or a district court in Parker County. A county court at law has the jurisdiction, powers, and duties that a district court has under [Subsection (b),] Section *4D(a)* [5], Texas Probate Code, for the transferred proceeding, and the county clerk acts as clerk for the proceeding. The contested proceeding may be transferred between a county court at law in Parker County and a district court in Parker County as provided by local rules of administration.

(g) Subsection (a), Section 123.005, Property Code, is amended to read as follows:

(a) Venue in a proceeding brought by the attorney general alleging breach of a fiduciary duty by a fiduciary or managerial agent of a charitable trust shall be a court of competent jurisdiction in Travis County or in the county where the defendant resides or has its principal office. *To the extent of a conflict between this subsection and any provision of the Texas Probate Code providing for venue of a proceeding brought with respect to a charitable trust created by a will that has been admitted to probate, this subsection controls.*

(h) Sections 4, 5, and 5A, Texas Probate Code, are repealed.

(i) The changes in law made by this section apply only to an action filed or a proceeding commenced on or after the effective date of this Act. An action filed or proceeding commenced before the effective date of this Act is governed by the law in effect on the date the action was filed or the proceeding was commenced, and the former law is continued in effect for that purpose.

SECTION 13. (a) Effective January 1, 2014, Subtitle A, Title 2, Estates Code, as adopted by H.B. No. 2502, Acts of the 81st Legislature, Regular Session, 2009, if that Act is enacted and becomes law, is amended by adding Chapters 31 and 32 to read as follows:

## CHAPTER 31. GENERAL PROVISIONS

*Sec. 31.001. SCOPE OF "PROBATE PROCEEDING" FOR PURPOSES OF CODE.* The term "probate proceeding," as used in this code, includes:

*(1) the probate of a will, with or without administration of the estate;*

*(2) the issuance of letters testamentary and of administration;*

*(3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances;*

*(4) an application, petition, motion, or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent;*

*(5) a claim arising from an estate administration and any action brought on the claim;*

*(6) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate; and*

*(7) a will construction suit.*

*Sec. 31.002. MATTERS RELATED TO PROBATE PROCEEDING. (a) For purposes of this code, in a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, a matter related to a probate proceeding includes:*

*(1) an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative;*

*(2) an action against a surety of a personal representative or former personal representative;*

*(3) a claim brought by a personal representative on behalf of an estate;*

4279

*(4) an action brought against a personal representative in the representative's capacity as personal representative;*

*(5) an action for trial of title to real property that is estate property, including the enforcement of a lien against the property; and*

*(6) an action for trial of the right of property that is estate property.*

*(b) For purposes of this code, in a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, a matter related to a probate proceeding includes:*

*(1) all matters and actions described in Subsection (a);*

*(2) the interpretation and administration of a testamentary trust if the will creating the trust has been admitted to probate in the court; and*

*(3) the interpretation and administration of an inter vivos trust created by a decedent whose will has been admitted to probate in the court.*

*(c) For purposes of this code, in a county in which there is a statutory probate court, a matter related to a probate proceeding includes:*

*(1) all matters and actions described in Subsections (a) and (b); and*

*(2) any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative.*

## CHAPTER 32. JURISDICTION

*Sec. 32.001. GENERAL PROBATE COURT JURISDICTION; APPEALS. (a) All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. The court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court.*

*(b) A probate court may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy.*

*(c) A final order issued by a probate court is appealable to the court of appeals.*

*Sec. 32.002. ORIGINAL JURISDICTION FOR PROBATE PROCEEDINGS. (a) In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, the county court has original jurisdiction of probate proceedings.*

*(b) In a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, the county court at law exercising original probate jurisdiction and the county court have concurrent original jurisdiction of probate proceedings, unless otherwise provided by law. The judge of a county court may hear probate proceedings while sitting for the judge of any other county court.*

*(c) In a county in which there is a statutory probate court, the statutory probate court has original jurisdiction of probate proceedings.*

*Sec. 32.003. JURISDICTION OF CONTESTED PROBATE PROCEEDING IN COUNTY WITH NO STATUTORY PROBATE COURT OR STATUTORY COUNTY COURT. (a) In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, according to the motion:*

*(1) request the assignment of a statutory probate court judge to hear the contested matter, as provided by Section 25.0022, Government Code; or*

*(2) transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court.*

*(b) If a party to a probate proceeding files a motion for the assignment of a statutory probate court judge to hear a contested matter in the proceeding before the judge of the county court transfers the contested matter to a district court under this section, the county*

*judge shall grant the motion for the assignment of a statutory probate court judge and may not transfer the matter to the district court unless the party withdraws the motion.*

*(c) A party to a probate proceeding may file a motion for the assignment of a statutory probate court judge under this section before a matter in the proceeding becomes contested, and the motion is given effect as a motion for assignment of a statutory probate court judge under Subsection (a) if the matter later becomes contested.*

*(d) Notwithstanding any other law, a transfer of a contested matter in a probate proceeding to a district court under any authority other than the authority provided by this section:*

*(1) is disregarded for purposes of this section; and*

*(2) does not defeat the right of a party to the proceeding to have the matter assigned to a statutory probate court judge in accordance with this section.*

*(e) A statutory probate court judge assigned to a contested matter under this section has the jurisdiction and authority granted to a statutory probate court by this subtitle. On resolution of a contested matter for which a statutory probate court judge is assigned under this section, including any appeal of the matter, the statutory probate court judge shall return the matter to the county court for further proceedings not inconsistent with the orders of the statutory probate court or court of appeals, as applicable.*

*(f) A district court to which a contested matter is transferred under this section has the jurisdiction and authority granted to a statutory probate court by this subtitle. On resolution of a contested matter transferred to the district court under this section, including any appeal of the matter, the district court shall return the matter to the county court for further proceedings not inconsistent with the orders of the district court or court of appeals, as applicable.*

*(g) The county court shall continue to exercise jurisdiction over the management of the estate, other than a contested matter, until final disposition of the contested matter is made in accordance with this section. After a contested matter is transferred to a district court, any matter related to the probate proceeding may be brought in the district court. The district court in which a matter related to the probate proceeding is filed may, on its own motion or on the motion of any party, find that the matter is not a contested matter and transfer the matter to the county court with jurisdiction of the management of the estate.*

*(h) If a contested matter in a probate proceeding is transferred to a district court under this section, the district court has jurisdiction of any contested matter in the proceeding that is subsequently filed, and the county court shall transfer those contested matters to the district court. If a statutory probate court judge is assigned under this section to hear a contested matter in a probate proceeding, the statutory probate court judge shall be assigned to hear any contested matter in the proceeding that is subsequently filed.*

*(i) The clerk of a district court to which a contested matter in a probate proceeding is transferred under this section may perform in relation to the contested matter any function a county clerk may perform with respect to that type of matter.*

*Sec. 32.004. JURISDICTION OF CONTESTED PROBATE PROCEEDING IN COUNTY WITH NO STATUTORY PROBATE COURT. (a) In a county in which there is no statutory probate court, but in which there is a county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, transfer the contested matter to the county court at law. In addition, the judge of the county court, on the judge's own motion or on the motion of a party to the proceeding, may transfer the entire proceeding to the county court at law.*

*(b) A county court at law to which a proceeding is transferred under this section may hear the proceeding as if originally filed in that court. If only a contested matter in the proceeding is transferred, on the resolution of the matter, the matter shall be returned to the county court for further proceedings not inconsistent with the orders of the county court at law.*

*Sec. 32.005. EXCLUSIVE JURISDICTION OF PROBATE PROCEEDING IN COUNTY WITH STATUTORY PROBATE COURT. (a) In a county in which there is a statutory*

*probate court, the statutory probate court has exclusive jurisdiction of all probate proceedings, regardless of whether contested or uncontested. A cause of action related to the probate proceeding must be brought in a statutory probate court unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by Section 32.007 or with the jurisdiction of any other court.*

*(b) This section shall be construed in conjunction and in harmony with Section 145 and all other sections of this title relating to independent executors, but may not be construed to expand the court's control over an independent executor.*

*Sec. 32.006. JURISDICTION OF STATUTORY PROBATE COURT WITH RESPECT TO TRUSTS AND POWERS OF ATTORNEY. In a county in which there is a statutory probate court, the statutory probate court has jurisdiction of:*

*(1) an action by or against a trustee;*

*(2) an action involving an inter vivos trust, testamentary trust, or charitable trust;*

*(3) an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and*

*(4) an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney.*

*Sec. 32.007. CONCURRENT JURISDICTION WITH DISTRICT COURT. A statutory probate court has concurrent jurisdiction with the district court in:*

*(1) a personal injury, survival, or wrongful death action by or against a person in the person's capacity as a personal representative;*

*(2) an action by or against a trustee;*

*(3) an action involving an inter vivos trust, testamentary trust, or charitable trust;*

*(4) an action involving a personal representative of an estate in which each other party aligned with the personal representative is not an interested person in that estate;*

*(5) an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and*

*(6) an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney.*

(b) Sections 4A, 4B, 4C, 4D, 4E, 4F, 4G, and 4H, Texas Probate Code, as added by Section 12 of this Act, are repealed.

(c) Except as otherwise provided by this subsection, this section takes effect January 1, 2014. The changes in law made by this section take effect only if H.B. No. 2502, Acts of the 81st Legislature, Regular Session, 2009, is enacted and becomes law. If that bill does not become law, this section has no effect.

SECTION 14.   Except as otherwise provided by this Act, the changes in law made by this Act apply only to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act is governed by the law applicable to the action immediately before the effective date of this Act, and the former law is continued in effect for that purpose.

SECTION 15.   Except as otherwise provided by this Act, this Act takes effect September 1, 2009.

Passed the Senate on April 2, 2009: Yeas 31, Nays 0; May 28, 2009, Senate refused to concur in House amendments and requested appointment of Conference Committee; May 29, 2009, House granted request of the Senate; June 1, 2009, Senate adopted Conference Committee Report by the following vote: Yeas 31, Nays 0; passed the House, with amendments, on May 20, 2009: Yeas 139, Nays 0, one present not voting; May 29, 2009, House granted request of the Senate for appointment of Conference Committee; May 31, 2009, House adopted Conference Committee Report by the following vote: Yeas 146, Nays 0, two present not voting.

Approved June 19, 2009.

Effective September 1, 2009, except § 13, which take effect January 1, 2014.

TAB B

OF THE APPENDIX

No. 04-17-00333-CV

Court of Appeals, Fourth District
San Antonio, Texas

_In re_ Maria Cecilia Martinez

Relating to Cause No. PR-06-004
in the County Court
Starr County, Texas

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **AFFIDAVIT OF** |
| **COUNTY OF HIDALGO** | § | **MARIA DEL ROSARIO G. POPE** |

Before me, the undersigned authority, on this day personally appeared MARIA DEL ROSARIO G. POPE, who after being duly sworn by me, deposed and stated as follows:

1.  I am over the age of 18. I am competent to make this affidavit. I have never been convicted of a crime involving moral turpitude. I have personal knowledge of all facts stated herein, and they are true and correct.

2.  I am one of the independent co-executors in the above-styled cause. I am also a daughter of Ignacia Gutierrez who is the decedent in that cause. This affidavit is submitted in support of my Response to First Amended Petition for Writ of Mandamus, which is joined by my sister Maria Iris Trevino. Iris is also one of the independent co-executors in this cause.

3.  On January 26, 2017, Hon. Romero Molina signed an order (the January Order) based on an agreement that the attorneys had entered in November 2016 on behalf of the six co-executors in this case. My and Iris's attorney, O.C. Hamilton Jr., had attended that hearing and

entered the agreement on our behalf. He also approved the January Order as to form and substance on our behalf.

4. Iris and I took several actions to comply with the terms of the November agreement and the January Order. These actions required substantial investment of time and money. We understood that the other executors had agreed to the terms of the agreement and that they were working to comply as well, and we acted in good faith. In May 2017, our sister Maria Cecilia Martinez (who is also an independent co-executor) filed her petition for writ of mandamus challenging the January Order. By that time, we had already completed the actions described below in this affidavit.

5. Paragraph 1 of the January Order requires the estate to reimburse me $3,000.00 for the survey that I paid for to survey property I am to receive from the estate. It requires me to pay for anything above that amount. Before November, I paid about $6,000.00 for the survey in question, but as a compromise, I agreed to waive part of that amount as a term of the November agreement.

6. Paragraph 3 of the January Order requires each attorney to prepare correction distribution deeds on behalf of his clients. To comply with this order, Iris and I authorized O.C. Hamilton Jr. to prepare these deeds, and the deeds were prepared. We incurred substantial legal fees and expenses to compensate Mr. Hamilton's firm for these services.

7. Paragraph 4 of the January Order requires the executors to inventory cattle on ranches owned by the estate. Iris and I inventoried the cattle according to the order, and this required a substantial investment of time and expense.

*Maria Del Rosario G. Pope*

Maria Del Rosario G. Pope

SUBSCRIBED AND SWORN TO BEFORE ME this 15th day of July , 2017.

YESENIA B. OLAZARAN
Notary Public
STATE OF TEXAS
Notary ID# 12425472-4
My Comm. Exp. 06-24-2018

Notary Public, State of Texas
My commission expires: 06/24/18

Affidavit of Maria Del Rosario G. Pope                                    Page 2 of 2

TAB C

OF THE APPENDIX

This document is current through the 2017 Regular Session and 1st C.S., 85th Legislature

*Texas Statutes & Codes Annotated by LexisNexis® > Estates Code > Title 2 Estate of Decedents; Durable Powers of Attorney > Subtitle G Initial Appointment of Personal Representative and Opening of Administration > Chapter 307 Validity of Certain Acts of Executors and Administrators*

## Sec. 307.002. Joint Executors or Administrators.

**(a)** Except as provided by Subsection (b), if there is more than one executor or administrator of an estate at the same time, the acts of one of the executors or administrators in that capacity are valid as if all the executors or administrators had acted jointly. If one of the executors or administrators dies, resigns, or is removed, a co-executor or co-administrator of the estate shall proceed with the administration as if the death, resignation, or removal had not occurred.

**(b)** If there is more than one executor or administrator of an estate at the same time, all of the qualified executors or administrators who are acting in that capacity must join in the conveyance of real estate unless the court, after due hearing, authorizes fewer than all to act.

## History

Enacted by Acts 2009, 81st Leg., ch. 680 (H.B. 2502), § 1, effective January 1, 2014.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2018 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.



TAB D

OF THE APPENDIX

## § 240. Joint Executors or Administrators

Should there be more than one executor or administrator of the same estate at the same time, the acts of one of them as such executor or administrator shall be as valid as if all had acted jointly; and, in case of the death, resignation or removal of an executor or administrator, if there be a co-executor or co-administrator of such estate, he shall proceed with the administration as if no such death, resignation or removal had occurred. Provided, however, that this Section shall not be construed to authorize one of several executors or administrators to convey real estate, but in such case all the executors or administrators who have qualified as such and are acting as such shall join in the conveyance, unless the court, after due hearing, authorizes less than all to act.

Acts 1955, 54th Leg., p. 88, ch. 55, eff. Jan. 1, 1956.

TAB E

OF THE APPENDIX

## § 5. Jurisdiction With Respect to Probate Proceedings

(a) Repealed by Acts 2003, 78th Leg., ch. 1060, § 16.

(b) In those counties in which there is no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in the county court. In contested probate matters, the judge of the county court may on the judge's own motion or shall on the motion of any party to the proceeding, according to the motion:

(1) request the assignment of a statutory probate court judge to hear the contested portion of the proceeding, as provided by Section 25.0022, Government Code; or

(2) transfer the contested portion of the proceeding to the district court, which may then hear the contested matter as if originally filed in district court.

(b-1) If the judge of the county court has not transferred a contested probate matter to the district court under this section by the time a party files a motion for assignment of a statutory probate court judge, the county judge shall grant the motion and may not transfer the matter to district court unless the party withdraws the motion. A party to a proceeding may file a motion for assignment of a statutory probate court judge under this section before the matter becomes a contested probate matter, and the motion is given effect as a motion for assignment of a statutory probate court judge under Subsection (b) of this section if the matter later becomes contested. A transfer of a contested probate matter to district court under any authority other than the authority provided by this section:

(1) is disregarded for purposes of this section; and

(2) does not defeat the right of a party to the matter to have the matter assigned to a statutory probate court judge in accordance with this section.

(b-2) A statutory probate court judge assigned to a contested probate matter as provided by Subsection (b) of this section has the jurisdiction and authority granted to a statutory probate court by this section and Sections 5A and 5B of this code. On

resolution of a contested matter, including an appeal of a matter, to which a statutory probate court judge has been assigned, the statutory probate court judge shall transfer the resolved portion of the case to the county court for further proceedings not inconsistent with the orders of the statutory probate court judge.

(b-3) In contested matters transferred to the district court, the district court has the general jurisdiction of a probate court. On resolution of a contested matter, including an appeal of a matter, the district court shall transfer the resolved portion of the case to the county court for further proceedings not inconsistent with the orders of the district court.

(b-4) The county court shall continue to exercise jurisdiction over the management of the estate with the exception of the contested matter until final disposition of the contested matter is made by the assigned statutory probate court judge or the district court.

(b-5) If a contested portion of the proceeding is transferred to a district court under Subsection (b-3) of this section, the clerk of the district court may perform in relation to the transferred portion of the proceeding any function a county clerk may perform in that type of contested proceeding.

(c) In those counties in which there is no statutory probate court, but in which there is a county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts and the constitutional county court, unless otherwise provided by law. The judge of a county court may hear any of those matters regarding probate or administrations sitting for the judge of any other county court. In contested probate matters, the judge of the constitutional county court may on the judge's own motion, and shall on the motion of a party to the proceeding, transfer the proceeding to the county court at law or a statutory court exercising the jurisdiction of a probate court other than a statutory probate court. The court to which the proceeding is transferred may hear the proceeding as if originally filed in the court.

(d) In those counties in which there is a statutory probate court, all applications, petitions, and motions regarding probate or administrations shall be filed and heard in the statutory probate court.

(e) A statutory probate court has concurrent jurisdiction with the district court in all personal injury, survival, or wrongful death actions by or against a person in the person's capacity as a personal representative, in all actions by or against a trustee, in all actions involving an inter vivos trust, testamentary trust, or charitable trust, and in all actions involving a personal representative of an estate in which each other party aligned with the personal representative is not an interested person in that estate.

(f) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate. When a surety is called on to perform in place of an administrator, all courts exercising original probate jurisdiction may award judgment against the personal representative in favor of his surety in the same suit.

(g) All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals.

(h) A statutory probate court has jurisdiction over any matter appertaining to an estate or incident to an estate and has jurisdiction over any cause of action in which a personal representative of an estate pending in the statutory probate court is a party.



(i) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.

Acts 1955, 54th Leg., p. 88, ch. 55, eff. Jan. 1, 1956. Amended by Acts 1973, 63rd Leg., p. 1684, ch. 610, § 1; Acts 1975, 64th Leg., p. 2195, ch. 701, § 2, eff. June 21, 1975; Acts 1977, 65th Leg., p. 1170, ch. 448, § 1, eff. Aug. 29, 1977; Acts 1979, 66th Leg., p. 1740, ch. 713, § 2, eff. Aug. 27, 1979; Acts 1983, 68th Leg., p. 4122, ch. 647, § 2, eff. Sept. 1, 1983; Acts 1983, 68th Leg., p. 5434, ch. 1015, § 1, eff. Aug. 29, 1983; Acts 1985, 69th Leg., ch. 159, § 3, eff. Sept. 1, 1985; Acts 1987, 70th Leg., ch. 459, § 4, eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 1035, § 2, eff. Sept. 1, 1989; Acts 1993, 73rd Leg., ch. 957, § 5, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 1435, § 3, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 1389, § 1, eff. Aug. 30, 1999; Acts 2001, 77th Leg., ch. 63, § 1, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 1060, § 1, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1060, § 16, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1060, § 2, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1060, § 2, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 551, § 1, eff. Sept. 1, 2005.

TAB F

OF THE APPENDIX

## § 5A. Matters Appertaining and Incident to an Estate

(a) In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.

(b) In proceedings in the statutory probate courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the collection, settlement, partition, and distribution of estates of deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor; all such suits, actions, and applications are appertaining to and incident to an estate. This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible judicial control over independent executors. Except for situations in which the jurisdiction of a statutory probate court is concurrent with that of a district court as provided by Section 5(e) of this Code or any other court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court.

(c) to (e) Repealed by Acts 2003, 78th Leg., ch. 1060, § 16.

(f) Notwithstanding any other provision of this chapter, the proper venue for an action by or against a personal representative for personal injury, death, or property damages is determined under Section 15.007, Civil Practice and Remedies Code.

Added by Acts 1979, 66th Leg., p. 1741, ch. 713, § 3, eff. Aug. 27, 1979. Amended by Acts 1985, 69th Leg., ch. 875, § 1, eff. Aug. 26, 1985; Acts 1987, 70th Leg., ch. 459, § 1, eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 1035, § 3, eff. Sept. 1, 1989; Acts 1993, 73rd Leg., ch. 957, § 6, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 1302, § 1, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 64, § 1, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 204, § 3.05, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1060, §§ 3, 4, 16, eff. Sept. 1, 2003.



TAB G

OF THE APPENDIX

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF CIVIL PROCEDURE* > *PART I. GENERAL RULES*

## Rule 11 Agreements to Be in Writing

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Texas Rules
Copyright © 2018 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

**End of Document**

TAB H

OF THE APPENDIX

**Filed: 1/9/2018 4:10 PM**

Dennis D. Gonzalez
County Clerk
Starr County, Texas

**Jose Beliz**

CAUSE NO. PR-06-004

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| IGNACIA G. GUTIERREZ, | § | OF |
| | § | |
| DECEASED | § | STARR COUNTY, TEXAS |

## AMENDED ORDER DENYING PLEA TO THE JURISDICTION

Came on to be heard Cecilia Martinez's Plea to the Jurisdiction, and the Court, having considered the motion, any response thereto, along with the arguments and authorities of counsel, finds that such plea is not well taken; and accordingly, it is hereby DENIED.

This Order amends and replaces the Court's Order Denying Plea to Jurisdiction signed on or about May 22, 2017.

SIGNED this ___9___ day of ___January___, 2018.

_____
JUDGE PRESIDING

cc:  O.C. Hamilton Jr., Atlas, Hall & Rodriguez, LLP, 818 W. Pecan Blvd, P.O. Box 3725 (78502-3725), McAllen, Texas 78501 – Email: och@atlashall.com

Marcel C. Notzon, III, The Notzon Law Firm, Northtown Professional Plaza, 6999 McPherson, Suite 325, Laredo, Texas 78041 – Email: mcn@notzonlawfirm.com

Keith C. Livesay, Livesay Law Office, Brazos Suites No. 9, 517 West Nolana, McAllen, Texas 78504 – Email: RGVAppellateLaw@yandex.com

Dalinda B. Garcia, Law Office of Dalinda B. Garcia, P.C., 4847 S. Jackson Rd., Suite E, Edinburg, Texas 78539 – Email: dalindabgarcialawoffice@yahoo.com